No. 24-5050

IN THE

# United States Court of Appeals for the District of Columbia Circuit

YANPING CHEN,
*Plaintiffs-Appellees,*

*v.*

FEDERAL BUREAU OF INVESTIGATION, et al.,
*Defendants-Appellees,*

CATHERINE V. HERRIDGE,
*Appellant.*

On Appeal from the United States District Court for the District of Columbia,
No. 1:18-cv-03074-CRC

## APPELLANT CATHERINE V. HERRIDGE'S UNOPPOSED MOTION TO ALTER DEADLINE FOR FILING PUBLIC, REDACTED VERSIONS OF BRIEFS ORIGINALLY FILED UNDER SEAL


Patrick F. Philbin
Kyle T. West
Chase Harrington
TORRIDON LAW PLLC
1155 F Street, N.W.
Suite 750
Washington, DC 20004
(202) 249-6900
pphilbin@torridonlaw.com


June 17, 2024


*Counsel for Catherine V. Herridge*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), counsel for Non-Party-Appellant certifies as follows:

### A. Parties, Intervenors, and Amici Curiae

Appellant in this case and non-party witness in the district court is Catherine V. Herridge. Fox News Network LLC is also a non-party witness in the district court.

Appellee in this case and Plaintiff in the district court is Yanping Chen.

Defendants in the district court are the Federal Bureau of Investigation, the U.S. Department of Justice, the U.S. Department of Defense, and the U.S. Department of Homeland Security.

Reporters Committee for Freedom of the Press filed a brief as amicus curiae in the district court.

### B. Rulings Under Review

The rulings are under review are: (1) the Order of the District Court for the District of Columbia entered on August 1, 2023 (ECF No. 140) (redacted version filed on August 17, 2023, ECF No. 148) denying Ms. Herridge's motion to quash and compelling her to give deposition testimony identifying her confidential source(s); (2) the Order of the District Court for the District of Columbia entered on February 29, 2024 adjudging Ms. Herridge in civil contempt, and (3) all other orders

antecedent to such orders and thus incorporated therein. Each of the rulings under review was issued by United States District Judge Christopher R. Cooper. These Rulings are reproduced at JA__ and JA__.

**C. Related Cases**

This case was previously before this Court in *Chen v. FBI*, No. 23-5198 (2023), which the Court dismissed for lack of appellate jurisdiction. Undersigned counsel is not aware of any related cases pending in this Court or any other court.

June 17, 2024

Respectfully submitted,

/s/ *Patrick F. Philbin*

Patrick F. Philbin
Kyle T. West
Chase Harrington
TORRIDON LAW PLLC
1155 F Street, N.W.
Suite 750
Washington, DC 20004
(202) 249-6900
pphilbin@torridonlaw.com

*Counsel for Catherine V. Herridge*

Pursuant to Federal Rule of Appellate Procedure 26(b) and D.C. Circuit Rule 27(g), Appellant Catherine V. Herridge respectfully seeks a modification of the briefing schedule to address solely the filing of public, redacted versions of briefs originally filed under seal so that the parties may adhere to the terms of a Protective Order entered by the district court. *See* ECF No. 27 (attached as Ex. A). Specifically, Ms. Herridge seeks a ten-day extension of time for all parties to file public, redacted copies of any briefs that the parties originally file under seal. Under the current briefing schedule, Ms. Herridge's brief is due June 20, 2024, the Appellee's Opposition is due on July 22, 2024, and the Reply is due August 12, 2024. If the Court grants this motion, the parties would still file the full, final versions of their briefs with the Court on those dates; however, to the extent the briefs are filed under seal and separate, redacted versions are necessary, the deadlines for the redacted versions would be extended to July 1 for the Appellant's brief, August 1 for the Appellee's Opposition, and August 22 for the Reply.

Both the United States and Appellee Yanping Chen have indicated that they do not oppose this motion.

Pursuant to the Protective Order entered below, the parties are prohibited from publicly filing certain information in this case. When a party wishes to file a document containing such information, the Protective Order requires that the entire filing be made under seal. ECF No. 27 ¶17. The filing party then has three days to

propose a redacted version of the filing and circulate it to the other parties. *Id.* Those parties then have three days to consider and amend the proposed redactions. *Id.* In total, this process of creating, approving, and filing a redacted version of a brief can take at least seven days and sometimes more if a party requests additional time to review and approve the proposed redactions. In correspondence related to this motion, the United States has indicated that such additional time may be necessary for this briefing.

Significantly, under the terms of the Protective Order, each party is required to share a version of its proposed, redacted document with the other parties before filing it publicly. Given that requirement, filing a redacted version of a brief in this Court on the same day that the final brief is filed would require sharing the brief with the other parties *before* the day it is due. To avoid that issue, Ms. Herridge seeks a modification to the schedule to permit a redacted version of a brief filed under seal to be filed ten days after the brief has been filed.

To be clear, this motion does not seek any extension on the deadlines for filing full, unredacted briefs with the Court. Instead, it seeks only permission to file a public, redacted version of a brief after the final brief has been filed under seal according to the current schedule. In other words, for briefs containing sealed information, the parties would file a sealed, unredacted version of the brief on the deadline in the Court's scheduling order. And if a party produces a brief that does

not need to be filed under seal, that too would be filed on the deadline currently given in the Court's scheduling order. In the event that a party files a brief under seal, this motion seeks to provide the party with a ten day extension for the filing of a public, redacted version of that brief. As a result, nothing in the modification requested here would delay resolution of the case.

Both the United States and appellee Yanping Chen have indicated that they do not oppose this motion.

For these reasons, Ms. Herridge respectfully requests that this motion be granted and that the parties be permitted ten days after each of the current briefing deadlines—up to and including July 1, 2024 for the Appellant's brief, up to and including August 1, 2024 for the Appellee's Opposition, and up to and including August 22, 2024 for any Reply—to file public, redacted versions of any briefs containing sealed material.

June 17, 2024

Respectfully submitted,

/s/ *Patrick F. Philbin*

Patrick F. Philbin
Kyle T. West
Chase Harrington

TORRIDON LAW PLLC
1155 F Street, N.W.
Suite 750
Washington, DC 20004
(202) 249-6633
pphilbin@torridonlaw.com

*Counsel for Catherine V. Herridge*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 694 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally spaced typeface.

June 17, 2024

/s/ Patrick F. Philbin
Patrick F. Philbin

**CERTIFICATE OF SERVICE**

I hereby certify, in accordance with Federal Rule of Appellate Procedure 25(c) and Circuit Rule 25(c), that on June 17, 2024, the foregoing document was electronically filed with the Clerk and served on the parties using the Clerk's CM/ECF system.

June 17, 2024

/s/ Patrick F. Philbin
Patrick F. Philbin