# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

YANPING CHEN,

Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES DEPARTMENT OF DEFENSE, and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,

Defendants.

Civil Action No. 1:18-cv-3074-CRC

## STIPULATED PROTECTIVE ORDER

Disclosure and discovery in the above-captioned action (the "Action") are likely to involve the production of confidential, proprietary, sensitive, or private information for which special protections from public disclosure may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

## DEFINITIONS

For purposes of this Protective Order:

1. "Affiliate" means any Third Party that, directly or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with a Party to this Action.

2. "Confidential Information" means Discovery Material that the Designating Party believes in good faith falls within one or more of the following categories: (a) information kept confidential pursuant to law or regulation, including any applicable privilege; (b) non-public

information that is sensitive, proprietary, or reveals trade secrets; (c) competitively sensitive research, technical, commercial, business, or financial information that a Party or Third Party has maintained as confidential; (d) private medical or personal information; (e) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; (f) personnel files of any Party or Third Party; or (g) information protected by the Privacy Act of 1974, 5 U.S.C. § 552a.

3. "Designating Party" means a Party or Third Party who, by following the procedures in this Protective Order, designates Discovery Material as Confidential Information.

4. "Discovery Material" means all documents, testimony, pleadings, exhibits, and all other material or information produced or disclosed in this Action, including responses to requests for production of documents and/or things, answers to interrogatories, responses to requests for admissions, documents and things made available for inspection, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, including Third Party discovery pursuant to Rule 45, matters in evidence, and any other information hereafter furnished, directly or indirectly, by or on behalf of any Party, Third Party, or witness in connection with this Action. This Protective Order and protections herein shall apply to all Discovery Material.

5. "Expert" means a person with specialized knowledge or experience in a matter pertinent to this Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action who, at the time of retention, is not an officer, director, or employee of a Party or an Affiliate and is not anticipated to become an officer, director, or employee of a Party or an Affiliate. Nothing in this Protective Order purports to alter in any way the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

6. “Party” means a party to this Action.

7. “Producing Party” means any Party or any Third Party who produces or otherwise discloses, whether through formal or informal means, Discovery Material in this Action.

8. “Professional Vendor(s)” means persons or entities that provide litigation support services (e.g., photocopying, audio or video recording, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

9. “Protective Order” means this Stipulated Protective Order.

10. “Protected Material” means any Discovery Material that is designated as Confidential.

11. “Receiving Party” means any Party that receives Discovery Material produced or otherwise disclosed by any Producing Party.

12. “Third Party” means a person or entity that is not a Party.

**DESIGNATION**

13. Any Party or Third Party may designate Discovery Material as Protected Material in accordance with this Protective Order if such party in good faith believes that such Discovery Material contains Confidential Information. A Party that wishes to designate such Discovery Material produced by another Producing Party must do so promptly upon learning of the production without the required designation by delivering to the Receiving Parties and the Producing Party (i) written notice of such designation and (ii) properly designated copies of such Discovery Material.

14. For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), designation in conformity with

this Protective Order requires that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material, or, if not practicable, as otherwise agreed by the Parties.

15. Documents and things produced or made available for inspection may be subject to redaction, in good faith by the Producing Party, of information that is subject to the attorney-client privilege, to work-product protection, or to any other applicable privilege or protection. Each such redaction, regardless of size, shall be clearly labeled "Redacted – Privileged." This Paragraph shall not be construed as a waiver of any Party's right to seek disclosure of redacted information. All documents redacted based on attorney-client privilege, work-product immunity, or any other applicable privilege or protection shall be listed on a privilege log stating the basis for such redaction, pursuant to Fed. R. Civ. P. 26(b)(5), except unless expressly stated otherwise, no discovery request should be construed to request communications exclusively between a Party (including representatives, employees, and agents) and its counsel of record or spouse, or work product created by counsel. Unless such communications are expressly requested or otherwise contain discoverable information, such communications will not be produced or placed on a privilege log.

16. Information revealed during a deposition upon oral or written examination under Fed. R. Civ. P. 30 shall be treated as Confidential for thirty (30) days (as calculated by Fed. R. Civ. P. 6) following receipt of the final transcript by counsel for the Producing Party, but not thereafter unless, before the thirty (30) day period has expired, counsel for the Producing Party notifies counsel for the Receiving Party in writing, by page and line number, that the information set forth in the transcript is Protected Material. Notwithstanding this paragraph, the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period after signing the "Declaration to be Bound by Protective Order" attached as Exhibit A,

which signed declaration shall be maintained by counsel for the Receiving Party. Counsel for any Party or Third Party also may designate the transcript or portions thereof to be Protected Material during the deposition. The appropriate legend described in paragraph 14 above shall be placed on the front of any deposition transcript (and, if recorded, any recording storage medium (i.e., CD or DVD) and any container) containing Protected Material.

17. Any pleading, brief, declaration, affidavit, expert report, or other filing that contains, describes, or discusses Protected Material shall be filed under seal. The filing Party must include on the cover page of the brief or other filing a descriptive legend in substantially the following format: "CONFIDENTIAL – FILED UNDER SEAL," or another suitable legend. Counsel for the Party filing papers containing, describing, or discussing Protected Material shall be responsible for providing appropriately redacted copies of the filed document to the Court in accordance with Local Rules 5.1 and 49. If the filing contains the Protected Material of a Party who did not file the document, within three (3) days from the date of a filing made under seal, Counsel for the filing Party or filing Third Party shall deliver to Counsel for the non-filing Party or Parties a proposed public version of the under seal filing, which shall include the filing Party's proposed redactions of any Protected Material. Within three (3) days after receipt of the proposed public version, Counsel for the non-filing Party shall provide any additional redactions it believes appropriate. Redacted versions of papers filed under seal may be made publicly available, provided that (a) all Protected Material is redacted; and (b) such redacted versions are clearly marked "Public Version" and clearly identify each place where information or exhibits have been redacted or deleted.

**USE**

18. Protected Material produced by a Party or Third Party may be used by a Receiving Party only for purposes of this Action. A Receiving Party shall not use such Protected Material for any other purpose including, but not limited to, any other lawsuit or proceeding. Nothing in this Protective Order precludes a Producing Party from using or disseminating its own Discovery Material for purposes other than this Action.

**DISCLOSURE OF PROTECTED MATERIAL**

19. Unless otherwise directed by the Court or authorized in writing by the Producing Party, Protected Material may be disclosed by a Receiving Party only to the following persons:

(a) Counsel or other attorneys for the Parties, including agency counsel assigned to this Action;

(b) Support personnel for attorneys identified in Paragraph 19(a), such as law clerks, paralegals, secretaries, and clerical staff, assisting with this Action under the supervision of an attorney described in Paragraph 19(a);

(c) Contract attorneys retained by a Party for the sole purpose of assisting with document review in this Action;

(d) During depositions or sworn testimony, or in preparation therefore, witnesses and deponents in this Action and their attorneys to whom Counsel determines in good faith disclosure of Protected Material is reasonably necessary to the conduct of the Action, but only after they confirm their understanding and agreement to abide by the terms of this Protective Order by making such a statement on the record, and/or by signing the "Declaration to be Bound by Protective Order" attached as Exhibit A, which signed declaration shall be maintained by counsel for the Receiving Party. Witnesses and deponents shall not retain copies of documents containing

Confidential Information, except a witness and his or her attorney(s) may receive a copy of the transcript of the witness's testimony and all exhibits marked at his or her testimony in connection with review of the transcripts;

(e) Any Expert who is expressly retained to assist in this Action, including any associates or analysts working under the supervision of the Expert, with disclosure of Confidential Discovery Material only to the extent necessary to perform such work, provided that the Expert, and the associates and analysts working under the supervision of the Expert, have signed the "Declaration to be Bound by Protective Order" attached as Exhibit A, which signed declaration shall be maintained by counsel for the Receiving Party;

(f) Support personnel for Experts, such as secretaries and clerical staff, assisting with this Action under the supervision of an Expert and who have signed the "Declaration to be Bound by Protective Order" attached as Exhibit A, which signed declaration shall be maintained by counsel for the Receiving Party;

(g) Any interpreter, court reporter, or other shorthand reporter or typist who is translating, recording, or transcribing documents or testimony in connection with this Action;

(h) Professional Vendors, as defined herein, who have signed the "Declaration to be Bound by Protective Order" attached as Exhibit A, which signed declaration shall be maintained by counsel for the Receiving Party;

(i) Professional trial consulting personnel who have signed the "Declaration to be Bound by Protective Order" attached as Exhibit A, which signed declaration shall be maintained by counsel for the Receiving Party;

(j) Personnel of the Court and all appropriate courts of appellate jurisdiction;

(k) Any mediator or arbitrator whom the Parties have agreed to use for any form of alternative dispute resolution in connection with this Action; and

(l) Any other person with the prior written consent of the Producing Party or by order of this Court, and who has signed the "Declaration to be Bound by Protective Order" attached as Exhibit A, which signed declaration shall be maintained by counsel for the Receiving Party.

20. The recipient of any Protected Material that is provided under this Protective Order (including any copies or excerpts made thereof) shall maintain such Protected Material in a secure and safe area and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such Discovery Material. The recipient of Protected Material produced in electronic form shall maintain such Protected Material on a secure, password-protected computer, drive, or server with access restricted to persons authorized under Paragraph 19.

21. In the event of disclosure of Protected Material to any person not authorized to such access under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately inform the Party whose Protected Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The Party responsible for improperly disclosing such Protected Material shall also promptly take all reasonable measures to attempt to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

**NO WAIVER OF PRIVILEGE BY VIRTUE OF INADVERTENT DISCLOSURE**

22. The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, to work-product protection, or to any other applicable privilege or protection will not waive the applicable privilege and/or protection in this Action or in any other federal or state

proceeding. Such Discovery Material shall be treated according to the procedures described in the Stipulated Clawback Agreement and Federal Rule of Evidence 502(d) Order entered by this Court on March 11, 2020.

**FAILURE TO DESIGNATE**

23. The failure by a Producing Party to designate Discovery Material as Protected Material shall not be a waiver of such designation, provided that the Producing Party that fails to make such designation informs the Receiving Party that such Discovery Material is Protected Material promptly after the failure to designate first became known to the Producing Party. The failure by a Producing Party to designate Discovery Material as Protected Material or to correct that designation under this Paragraph shall not preclude a Party from seeking relief from the Court at a later date requesting imposition of such designation or challenging the propriety thereof. The Receiving Party in receipt of Discovery Material that the Producing Party failed to designate as Protected Material shall not be in violation of this Protective Order for any use made of such Protected Material before the Receiving Party is informed of the failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation with the written notice, or as soon thereafter as practicable. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Party shall return or securely destroy all Protected Material that was not designated properly and certify compliance.

**CHALLENGE TO DESIGNATION AS PROTECTED MATERIAL**

24. The designation of any Discovery Material as Protected Material is subject to challenge by any Party at any time. A Party challenging such a designation must notify the Designating Party of its objections in writing, identifying the Discovery Material and specifying the basis for the objection. Within seven business days of this notification, the Parties shall meet

and confer in good faith concerning the objection. If no resolution is reached, the Designating Party must respond in writing to the challenge within ten business days of the meet and confer. After receipt of the Designating Party's response (or after ten business days have elapsed without such a response), the challenging Party may initiate a challenge by informing the Court, in accordance with paragraph 5 of the Scheduling Order entered on March 11, 2020, of the discovery dispute arising from the challenge. Until the Court rules on the dispute, all Parties shall treat the Discovery Material as Protected Material.

**RETURN/DESTRUCTION OF MATERIALS**

25. Not later than ninety (90) days (as calculated by Fed. R. Civ. P. 6) after the termination of this Action (including all appeals), all Protected Material, including all copies thereof, shall be returned to the Producing Party or destroyed, such election to be made by the Receiving Party, except that each Counsel may retain one (1) archival copy of all papers filed with or otherwise provided to the Court, expert reports, discovery requests and responses, transcripts of testimony and exhibits, correspondence, mediation briefs, and their own work product containing such Protected Material, and provided that such Counsel and their respective employees shall not disclose any Party's Protected Material contained therein to any person or entity except pursuant to a written agreement with the Producing Party or as otherwise provided in this Protective Order, and shall maintain the safeguards set forth in Paragraph 20. Not later than ninety (90) days (as calculated by Fed. R. Civ. P. 6) after the termination of this Action (including all appeals), the Party receiving any Protected Material shall certify in writing that all such material has been returned or destroyed. Notwithstanding the foregoing, Counsel for each Party may retain duplicate copies of e-mail correspondence containing Protected Material. Further, nothing herein requires Counsel to delete information that may reside on their respective electronic back- up systems that

are over-written in the normal course of business. In addition, attorneys for the government may retain copies of any Protected Material in their case file for this Action, and may retain copies of any notes or summaries containing such Protected Material, subject to 44 U.S.C. § 3101 et seq.

**MISCELLANEOUS PROVISIONS**

26. This Protective Order is without prejudice to the right of any Party to seek further or additional protection of information for which the protection of this Protective Order is not believed by any Party to be adequate. Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain information may not be discovered at all.

27. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any Party of the obligation of producing information in the course of discovery.

28. If at any time Protected Material of a Producing Party is subpoenaed from a Receiving Party or is the subject of a discovery request directed to a Receiving Party in any proceeding before any court or arbitral, administrative, or legislative body, that Receiving Party shall promptly give written and email notice in the manner required by this Protective Order and shall provide the Producing Party with an opportunity to object to the production of such materials or to try to obtain a protective order.

29. Other Proceedings. By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Protective Order who becomes subject to a motion to disclose another Party's information designated as Protected Material pursuant to this Protective Order shall promptly notify that Party

of the motion so that the Party may have the opportunity to appear and be heard on whether that information should be disclosed.

30. All notices during this Action required by this Protective Order are to be made by email to a Party's Counsel, and all notices subsequent to the termination of Action are to be made by email and U.S. mail to a Party's Counsel. The date by which a Party receiving notice shall respond or otherwise take action shall be computed from the date of service as calculated by Fed. R. Civ. P. 5. Any of the notice requirements herein may be waived in whole or in part, but only in writing.

31. Nothing in this Protective Order shall bar or otherwise restrict any Counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of Protected Material produced or exchanged in this Action; provided, however, that in rendering such advice and in otherwise communicating with a person not permitted access to Protected Material under this Protective Order, the Counsel shall not disclose the contents of Protected Material produced by any other Party or Third Party.

32. Each person who receives Protected Material agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

33. This Order may be amended by the agreement of the Parties in the form of a written Stipulated Amended Protective Order signed by each Party's Counsel and filed with the Court for approval. The Court retains the authority to allow disclosure of any subject or Protected Material covered by this Protective Order or to modify or vacate this Protective Order at any time in the interest of justice.

34. Neither the termination of this Action nor the termination of employment of any person with access to any Protected Material shall relieve any individual from the obligation of maintaining the confidentiality of such information in accordance with this Protective Order. The Court shall retain jurisdiction to enforce the terms of the Protective Order after final termination of this Action.

35. Pursuant to 5 U.S.C. § 552a(b)(11), Defendants are authorized to disclose to Plaintiff's counsel, the Court, and those persons defined in Paragraph 19 of this Order, records or information containing Privacy Act-protected material, without redacting such material, without obtaining prior written consent of the individuals whose names, addresses, and other identifying information may be present in such documents. Such disclosure is subject to the conditions set forth in this Order. So long as counsel for Defendants exercise reasonable efforts to prevent the disclosure of information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, other than as permitted under the terms of this Order, disclosures under this Order, including inadvertent disclosures of such information, shall not be construed as a violation of the Privacy Act.

Date: June 2, 2020

IT IS SO ORDERED.

CHRISTOPHER R. COOPER
United States District Judge

Respectfully submitted,

*<u>/s/ Matt Jones</u>*
Matt Jones (D.C. Bar No. 502943)
Patrick Carome (D.C. Bar No. 385676)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363
matt.jones@wilmerhale.com
patrick.carome@wilmerhale.com

*Counsel for Plaintiff*

JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Garrett Coyle*
CAROL FEDERIGHI
Senior Trial Counsel
GARRETT COYLE
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 616-8016
Fax: (202) 616-8470
Email: garrett.coyle@usdoj.gov

*Counsel for Defendants*

**EXHIBIT A**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| YANPING CHEN,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES DEPARTMENT OF DEFENSE, and UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Civil Action No. 1:18-cv-3074-CRC |

**DECLARATION TO BE BOUND BY PROTECTIVE ORDER**

I, ___________________________________, declare under penalty of perjury that:

(a) My present address is __________________________________________________.

(b) My present employer is ________________________________________________

and the address of my present employer is_____________________________________________

___________________________________________.

(c) My present occupation or job description is _______________________________

___________________________________________.

(d) I have received and carefully read the Protective Order in this Litigation dated ________________ and understand its provisions. Specifically, I understand that I am obligated, under order of the Court, to hold in confidence and not to disclose the contents of anything

marked "CONFIDENTIAL," except as permitted by the Protective Order. According to the restrictions of Paragraph 18 of the Protective Order, I will use Discovery Material, including CONFIDENTIAL Discovery Material, or information derived therefrom, solely for purposes relating to the above-captioned Litigation. I will never use such Discovery Material or information derived therefrom, directly or indirectly, in competition with the Producing Party, nor will I permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

(e) At the termination of this Litigation or any time requested by Counsel for the Party by whom I am engaged, I will return or destroy all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting CONFIDENTIAL Discovery Material which have come into my possession, and will return or destroy all documents or things I have prepared relating to or reflecting such information.

(f) I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the Producing Party. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Litigation. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

**Signature:** ______________________________________________

**Date:** ______________________________________________