# EXHIBIT D

**No. 23-5198**

IN THE

# United States Court of Appeals for the District of Columbia Circuit

YANPING CHEN,
*Plaintiff-Appellee*,

*v.*

FEDERAL BUREAU OF INVESTIGATION, *et al.*,
*Defendants-Appellees*,

CATHERINE V. HERRIDGE,
*Appellant*.

On Appeal from the United States District Court for the District of Columbia,
No. 1:18-cv-03074-CRC

**JOINT RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE PURSUANT TO D.C. CIRCUIT RULE 47.1(f)(1)**

# TABLE OF CONTENTS

**Page**


INTRODUCTION ....................................................................................1

BACKGROUND ......................................................................................1

I. The DoD Decision and Related Discussion in the Motion to Stay. ................3

A. Plaintiff and Ms. Herridge Respectfully Submit That the Court Defer Ruling on Unsealing Until the District Court Resolves a Pending Motion to Unseal the Same Document. ...............................................3

B. The Government's Position.............................................................5

II. Parties' Positions on the Redacted District Court Order. ................................5

A. The Government Defendants Contend that Certain Portions of the District Court's Order Denying the Motion to Quash Should Remain Sealed. ............................................................................................5

B. Plaintiff's Response.........................................................................6

C. Ms. Herridge's Response. ...............................................................7

CERTIFICATE OF COMPLIANCE

## INTRODUCTION

The parties to this appeal—Plaintiff-Appellee Yanping Chen, non-party-Appellant Catherine Herridge, and Defendants-Appellees the Federal Bureau of Investigation, the Department of Justice, the Department of Defense ("DoD"), and the Department of Homeland Security (collectively, "Government Defendants")—hereby submit this joint response to the Court's November 17, 2023 Order, pursuant to D.C. Circuit Rule 47.1(f)(1), requesting that the Parties show cause why any materials in the record of this appeal that are under seal should remain so.

## BACKGROUND

This appeal arose from a decision on a motion to quash filed by Appellant and non-party witness Catherine Herridge in *Chen v. FBI*, No. 1:18-cv-03074 (D.D.C.). The underlying case involves a Privacy Act claim in which Plaintiff alleges that an unidentified government official leaked records protected by the Privacy Act to non-party Appellant Catherine Herridge. Plaintiff alleges that the Privacy Act materials appeared in a series of stories Ms. Herridge produced as Chief Intelligence Correspondent for Fox News Network in 2017. When Plaintiff subpoenaed Ms. Herridge seeking to discover her source(s), Ms. Herridge filed a motion to quash. (Non-Party Catherine V. Herridge's Motion to Quash (Aug. 1, 2022) [Dist. Ct. Dkt. 94] ("Mot. to Quash").) The district court denied the motion to quash in relevant

part and required Ms. Herridge to sit for a deposition. (Mem. Opinion & Order at 28 (Aug. 1, 2023) [Dist. Ct. Dkt. 140].)

Ms. Herridge then filed a notice of appeal and an emergency motion in this Court seeking to stay the deposition. (Non-Party Catherine V. Herridge's Opposed Emergency Mot. for Stay Pending App. and for Admin. Stay Pending Disposition of the Stay Mot. (Sept. 11, 2023) ("Motion to Stay").) The Motion to Stay was filed under seal because it contained information subject to a Protective Order in the district court. (*See* Dist. Ct. Dkt. 27.) This Court subsequently dismissed the appeal for lack of jurisdiction. (Order (Sept. 25, 2023).)

Following Ms. Herridge's filing of a public version of her Motion to Stay, there are two categories of information that remain sealed in the filings in this case and that are subject to the Court's Order to Show Cause: (1) a DoD document ("DoD Decision") that Ms. Herridge discussed in her Motion to Stay (Mot. to Stay at 7) and attached as Exhibit 6 to that Motion;[1] and (2) portions of the district court's decision denying the Motion to Quash, the unredacted version of which was attached as Exhibit 1 to the sealed Motion to Stay.

The parties address the Court's Order to Show Cause with respect to those two categories of information separately below.

[1] Plaintiff and Ms. Herridge dispute the relevance of this document and therefore do not attempt to characterize it further in this joint filing.

## I. The DoD Decision and Related Discussion in the Motion to Stay.

### A. Plaintiff and Ms. Herridge Respectfully Submit That the Court Defer Ruling on Unsealing Until the District Court Resolves a Pending Motion to Unseal the Same Document.

Plaintiff and Ms. Herridge respectfully submit that, as to the DoD Decision and related discussion in the Motion to Stay, the Court should defer ruling on the issue of unsealing until the district court resolves a pending motion to unseal the same document.

On November 23, 2023, Ms. Herridge filed in the district court a Motion to Unseal the DoD Decision, arguing that the document should be unsealed under *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). (Non-Party Catherine V. Herridge's Mot. to Unseal Documents (Nov. 27, 2023) [Dist. Ct. Dkt. 165] ("Mot. to Unseal").) Plaintiff filed an Opposition on December 11, 2023, arguing that the *Hubbard* factors weighed against unsealing. (Pl.'s Mem. in Opp'n to Non-Party Catherine Herridge's Mot. to Unseal Documents and Pl.'s Cross-Mot. to Unseal Judicial Records Relevant to the Court's Denial of Herridge's Mot. to Quash (Dec. 11, 2023) [Dist. Ct. Dkt. 168].) Ms. Herridge's reply is due on January 3, 2024, and thus the issue will soon be fully briefed and under submission before the cistrict court.

Given that briefing is almost complete in the district court—and given the fact that it was the district court's Protective Order that required Ms. Herridge to file the

DoD Decision and related discussion under seal—Plaintiff and Ms. Herridge respectfully submit that this Court should defer to the district court and allow it to apply the *Hubbard* factors and decide the sealing issue in the first instance. This approach is consistent with how this Court has approached disputes over sealed documents in previous cases. *See, e.g.*, *Hubbard*, 650 F.2d at 324–25 (reversing the district court's unsealing order and remanding to the district court to apply the six-factor test set forth in that decision); *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 675 (D.C. Cir. 2017) (remanding with instructions to the district court to apply and evaluate the *Hubbard* factors in the first instance after it failed to do so).

Because the district court has already received briefing on the unsealing issue and is most familiar with the issues in dispute in this case, Plaintiff and Ms. Herridge believe that additional briefing on the same issue in this Court would be unnecessarily duplicative and judicial efficiency favors allowing the district court to first address whether the document should be unsealed under *Hubbard*. Should the district court determine that the DoD Decision should be unsealed, the Parties will notify this Court pursuant to D.C. Circuit Rule 47.1(f)(4).

Should this Court elect not to defer to the district court's determination on whether the DoD Decision should remain sealed, both Plaintiff and Ms. Herridge request an opportunity to submit further briefs to the Court on that matter.

### B. The Government's Position

The Government Defendants took no position on Ms. Herridge's Motion to Unseal the DoD Decision in the district court and similarly take no position here. They do not take issue with Plaintiff and Ms. Herridge's suggestion that this Court should allow the district court to decide the issue in the first instance.

## II. Parties' Positions on the Redacted District Court Order

### A. The Government Defendants Contend that Certain Portions of the District Court's Order Denying the Motion to Quash Should Remain Sealed.

In regard to the redacted district court Order denying the Motion to Quash, the Government Defendants propose updating the document with a more limited set of redactions, reflected in the document attached hereto as Exhibit A—a suggestion that neither Plaintiff nor Ms. Herridge oppose.

The material that should still remain under seal reflects to sensitive non-public law-enforcement information, specifically (1) material identifying details of FBI storage of investigative files and access to those files, Ex. A at 18, and (2) the names of certain Department of Homeland Security and Department of Defense employees—all of whom are either law enforcement or national security officials—who the district court named in the course of concluding that they are not reasonably suspected of any misconduct in connection with this case, *id.* at 19–21. All of that material would properly remain sealed to protect both individual and law

enforcement privacy and security interests as well as the security of FBI law enforcement operations. Those interests would outweigh any limited public interest in disclosure of these pieces of information. *See generally Hubbard*, 650 F.2d at 317–22.

The redactions reflected in the attached Exhibit A cover only the material described above that the government believes should remain sealed. Because the Court has not yet concluded that the remaining material in the document can be unsealed, we have submitted the redacted copy under seal as well, but we provide the document for the Court's convenience in posting a redacted copy on the public docket should the Court agree with the government's position on unsealing.

If the Court agrees with the government's position on unsealing, the Government Defendants will promptly notify the district court and provide the less-redacted copy for posting on the district court docket as well. The government is prepared to offer further explanation for continued sealing if the Court deems it necessary, and respectfully requests that the Court allow further briefing before unsealing any material identified as properly sealed in the attached Exhibit A.

**B. Plaintiff's Response.**

Plaintiff does not oppose Defendants' request to maintain the information redacted from Exhibit A hereto under seal.

**C. Ms. Herridge's Response.**

Ms. Herridge does not oppose Defendants' request to maintain the information redacted from Exhibit A hereto under seal.

Dated: December 18, 2023

Respectfully Submitted,

*/s/ Andrew C. Phillips*

Andrew C. Phillips (Bar No. 64792)
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th St NW, Suite 650
Washington, DC 20006
Email: andy.phillips@mwpp.com

*Counsel for Plaintiff-Appellee Yanping Chen*

*/s/ Patrick F. Philbin*

Patrick F. Philbin (D.C. Bar No. 453620)
ELLIS GEORGE CIPOLLONE O'BRIEN LLP
1155 F Street, N.W., Suite 750
Washington, DC 20004
Email: pphilbin@egcfirm.com

*Counsel for Appellant Catherine V. Herridge*

*/s/ Brad Hinshelwood*

Brad Hinshelwood
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave. NW, Room 7256
Washington, DC 20530
Email: bradley.a.hinshelwood@usdoj.gov

*Counsel for Defendants-Appellees Federal Bureau of Investigation, et al.*

**CERTIFICATE OF COMPLIANCE**

This joint response to the Court's Order to Show Cause complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,404 words. This joint response also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1) and 32(a)(5)-(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionately spaced typeface.

December 18, 2023

*/s/ Brad Hinshelwood*
Brad Hinshelwood