Public Copy—Sealed Material Deleted

No. 24-5050

IN THE

# United States Court of Appeals for the District of Columbia Circuit

YANPING CHEN,
    *Plaintiff-Appellee*,

*v.*

FEDERAL BUREAU OF INVESTIGATION, et al.,
    *Defendants-Appellees*,

CATHERINE V. HERRIDGE,
    *Appellant*.

On Appeal from the United States District Court for the District of Columbia,
No. 1:18-cv-03074-CRC

**APPELLANT CATHERINE V. HERRIDGE'S REPLY BRIEF ON MOTION TO UNSEAL**

Patrick F. Philbin
Kyle T. West
Chase Harrington
TORRIDON LAW PLLC
801 17th Street, NW
Suite 1100
Washington, DC 20006
(202) 249-6900
pphilbin@torridonlaw.com

July 12, 2024      *Counsel for Catherine V. Herridge*

# TABLE OF CONTENTS

|  | Page |
|---|---|
| GLOSSARY | iv |
| INTRODUCTION | 1 |
| ARGUMENT | 3 |
| I. The Sixth *Hubbard* Factor Favors Unsealing. | 3 |
| II. The Common Law Presumption of Access to Judicial Records Under the First *Hubbard* Factor Weighs Heavily in Favor of Unsealing. | 6 |
| III. The Second and Third *Hubbard* Factors Favor Unsealing. | 7 |
| IV. Plaintiff Does Not Have a Legally Recognized Privacy Interest in Keeping the DOD Decisions Sealed. | 8 |
| V. Plaintiff Cannot Point to Any Cognizable Legal Prejudice She Would Suffer from Unsealing. | 10 |
| VI. The Public Interest Requires a Ruling from this Court. | 10 |
| CONCLUSION | 11 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Addi*,
    No. 20-cv-01650, 2021 WL 5911175 (D.D.C. Nov. 23, 2021) ........................... 4

*Am. Pro. Agency, Inc. v. NASW Assurance Servs., Inc.*,
    121 F. Supp. 3d 21 (D.D.C. 2013) ................................................................... 7

*In re Application for Access to Video Exhibits*,
    575 F. Supp. 3d 101 (D.D.C. 2021) .............................................................. 5, 7

*Cable News Network, Inc. v. FBI*,
    984 F.3d 114 (D.C. Cir. 2021) .......................................................................... 3

*Doe v. Pub. Citizen*,
    749 F.3d 246 (4th Cir. 2014) ............................................................................ 9

*Fed. Trade Comm'n v. Match Grp., Inc.*,
    1:22-mc-54, 2023 WL 3181351 (D.D.C. May 1, 2023) ........................... 6, 7, 10

*Grover v. Related Cos.*,
    4 F. Supp. 3d 21 (D.D.C. 2013) .................................................................... 2, 9

*In re McCormick & Co., Inc.*,
    No. MC 15-1825 (ESH), 2017 WL 2560911 (D.D.C. June 13,
    2017) ......................................................................................................... 8, 10

*Metlife, Inc. v. Fin. Stability Oversight Council*,
    865 F.3d 661 (D.C. Cir. 2017) ...................................................................... 2, 5

*Matter of Pub. Def. Serv. for D.C. to Unseal Certain Recs.*,
    607 F. Supp. 3d 11 (D.D.C. 2022) .................................................................... 5

*United States v. All Assets Held at Bank Julius Baer & Co.*,
    520 F. Supp. 3d 71 (D.D.C. 2020) ........................................................ 5, 7, 9, 10

*United States v. Hubbard*,
    650 F.2d 293 (D.C. Cir. 1980) ...................................................................... 1, 4

*United States v. Munchel*,
    567 F. Supp. 3d 9 (D.D.C. 2021) ................................................................... 7

*Vanda Pharm., Inc. v. FDA*,
    539 F. Supp. 3d 44 (D.D.C. 2021) ........................................................ 4, 5, 6

*Zerilli v. Smith*,
    656 F.2d 705 (D.C. Cir. 1981) ............................................................. 1, 4, 6

**Rules**

Circuit Rule 47.1(c) ............................................................................................ 11

**Other Authorities**

Natalie Gross, *DoD bans popular TA school from accepting the benefit*, Military Times (Apr. 6, 2018), https://perma.cc/GDU8-7B77 .............................................................................................................. 7

# GLOSSARY

PLA……………………………………………....People's Liberation Army

# INTRODUCTION

Plaintiff has not remotely justified hiding from the public the national security findings that the Department of Defense (DOD) made when it cut off funding for her school, and the presumption of public access to judicial records should prevail in this case. In the key document—the DOD Findings attached to ██████ ████████████████████████████████████████████ ████████████████████ ████████████████████████████████████ That information is essential for properly weighing Plaintiff's interest in compelling disclosure of Ms. Herridge's confidential source(s) under the balancing test set by *Zerilli v. Smith*, 656 F.2d 705 (D.C. Cir. 1981). The public cannot understand the core arguments in this appeal about that balancing test—and the importance of weighing factors beyond the narrow scope imposed by the district court—without access to the DOD Findings. *See* Mot. to Unseal 10-12, 18-20 (Motion).

Plaintiff's arguments for keeping the DOD Findings hidden simply distort the factors from *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). In particular, Plaintiff repeatedly insists under the sixth *Hubbard* factor that the district court itself did not rely on the DOD Findings and that it remains to be seen whether this Court will rely on that document when it decides this appeal. Opp. 2, 4, 8, 13-15. But that is beside the point. What matters for the sixth *Hubbard* factor is not whether the

court ultimately relies on the document in its decision, but whether one of the parties has relied on it in attempting to persuade the court. Even if a court does not rely on particular documents, the public cannot understand what is at issue in a case if materials that are important for understanding the weight of one party's arguments are shielded from public view. As this Court has explained, even where a court does not rely on the sealed materials, unsealing is warranted because "[w]ithout access to the sealed materials, it is impossible to know which parts of those materials persuaded the court and which failed to do so (and why)." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 668 (D.C. Cir. 2017). Plaintiff has no response to this settled law.

In addition, under the fourth factor, Plaintiff has not pointed to any cognizable privacy interest in the DOD Findings that warrants sealing. Her concerns for her reputation are insufficient. *E.g.*, *U.S. ex rel. Grover v. Related Cos.*, 4 F. Supp. 3d 21, 27 (D.D.C. 2013). And she does not fare any better by mischaracterizing the document as reflecting mere "unsubstantiated allegations." Opp. 18-20. The document indisputably reflects formal findings of fact in an agency process to revoke Plaintiff's eligibility for a federal program on national security grounds. Indeed, it is so obvious that it contains formal findings of fact that Plaintiff herself calls the document the "DOD Findings." Opp. 1. And the only reason the findings are

"untested," *id.*, is that Plaintiff herself strategically chose *not* to challenge them in court.

There is no reason to wait any longer for the district court to rule on Ms. Herridge's motion to unseal, which has already been pending for more than six months. At this point, public understanding of the proceedings in *this* Court is being impaired, and the interests of justice require action from this Court to unseal the DOD Decisions so that the public can understand the arguments in a case that revolves around the vital public interest in First Amendment protections for the press.

## ARGUMENT

The *Hubbard* factors overwhelmingly favor unsealing.

### I. The Sixth *Hubbard* Factor Favors Unsealing.

Plaintiff's focus on the sixth *Hubbard* factor—the purpose for which the documents were introduced—distorts the *Hubbard* analysis.

To start, the sixth *Hubbard* factor is not the "most important element" in the analysis. Opp. 11. As this Court has explained, "[a]lthough the *Hubbard* court called this factor the most important element, it did so *only in the context of that case.*" *Cable News Network, Inc. v. FBI*, 984 F.3d 114, 120 (D.C. Cir. 2021) (emphasis added). In other cases, courts have made it express that "[m]ost important to the equation" under *Hubbard* is the "'fundamental' common-law right of '[p]ublic

access to judicial records'" under the first factor. *Vanda Pharm., Inc. v. FDA*, 539 F. Supp. 3d 44, 58 (D.D.C. 2021) (quoting *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 92 (D.D.C. 2014)). In *Hubbard*, the purpose for which the documents were introduced was especially important because they were introduced solely on an ancillary motion to suppress the fruits of a search and they were used only to show that a search of a third party's premises was vastly overbroad and had retrieved information that was irrelevant to the underlying criminal case. *See Hubbard*, 650 F.2d at 297-99, 316, 321. Indeed, the documents at issue were provided to the court solely to confirm that they were irrelevant and there was no dispute among the parties that the documents were irrelevant. There is no similar situation here. To the contrary, Ms. Herridge's core argument is that the DOD Findings are critical to the proper balancing under *Zerilli*.

Next, as noted above, Plaintiff distorts *Hubbard* by repeatedly arguing that the district court did not rely on the DOD Decisions and this Court might not ultimately rely on them either. That is not what matters under *Hubbard*. Barring a situation involving unquestionably irrelevant documents,[1] the sixth factor "favors disclosure where the parties explicitly intended the Court to rely on [the sealed]

---

[1] *See Allen v. Addi*, No. 20-cv-01650, 2021 WL 5911175 (D.D.C. Nov. 23, 2021) (sealing salacious and "unquestionably … irrelevant and cruelly derogatory" documents that were introduced solely for personal spite).

4

materials in adjudicating their dispute." *Vanda Pharm., Inc.*, 539 F. Supp. 3d at 57 (quotation omitted)); *see also In re Application for Access to Video Exhibits*, 575 F. Supp. 3d 101, 114 (D.D.C. 2021) ("[T]his factor weighs in favor of public release because the Government introduced the exhibits to influence the Court's decision . . . ."); *United States v. All Assets Held at Bank Julius Baer & Co.*, 520 F. Supp. 3d 71, 85 (D.D.C. 2020) ("[T]here is a strong presumption of public access to documents that a litigant submits with the intention that the court will rely on them.").

As this Court has explained, the public cannot fully understand the issues in a case without access to the materials the parties presented to persuade the court, even if the court never cites those materials. "Without access to the sealed materials, it is impossible to know which parts of those materials persuaded the court and which failed to do so (and why)." *Metlife, Inc.*, 865 F.3d at 668. Thus, "[t]he public interest [in disclosure] … covers both material that the court found persuasive and material that it did not." *Matter of Pub. Def. Serv. for D.C. to Unseal Certain Recs.*, 607 F. Supp. 3d 11, 26 (D.D.C. 2022).

Plaintiff's repeated focus on whether or not the district court *agreed* with Ms. Herridge about the significance of the DOD Decisions, and whether the court *relied* on them in its decision (and whether this Court will rely on them), is flatly contrary

5

to the analysis in the cases cited above. Plaintiff, moreover, has no response to those cases. She simply ignores them.

Under the settled law above, the sixth *Hubbard* factor weighs heavily in favor of unsealing because Ms. Herridge introduced the DoD Decisions (including the DOD Findings) with the intent that the Court rely on them and they are essential for understanding the weight of the factors that must be considered in the balancing under *Zerilli*. The whole point of the *Hubbard* analysis is to ensure that the public has access to judicial records so that the public can understand the rulings of the courts. Here, the public cannot understand the significance of the material that Ms. Herridge believes should be considered under *Zerilli* if that material is hidden from public view.

II.     **The Common Law Presumption of Access to Judicial Records Under the First *Hubbard* Factor Weighs Heavily in Favor of Unsealing.**

"Most important to the equation" under *Hubbard* "is the fundamental common-law right of public access to judicial records, [which] weigh[s] strongly in favor of unsealing pursuant to factor one." *Vanda Pharm.*, 539 F. Supp. 3d at 58 (quotation omitted). That factor weighs heavily in favor of unsealing here because, as explained, the public cannot fully understand what is at stake in the central First Amendment arguments in this case without access to the DOD Decisions. And the presumption of public access is buttressed by the fact that the dispute relates to the scope of a First Amendment privilege for the press. "[T]he greater the public's

6

interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *FTC v. Match Grp., Inc.*, No. 1:22-MC-54 (RJL/GMH), 2023 WL 3181351, at *10 (D.D.C. May 1, 2023) (quotation omitted).

**III. The Second and Third *Hubbard* Factors Favor Unsealing.**

The second *Hubbard* factor favors unsealing because the basic fact that DOD terminated Plaintiff's school "on national security grounds" was publicly reported as far back as April 2018,[2] and much of the information on which DOD relied was made public in an FBI affidavit that has been public for years. *See* Herridge Br. 42-47, (No. 2061066); *see also, e.g.*, *All Assets*, 520 F. Supp. 3d at 83 (factor favors disclosure where "a considerable amount of the information" is already public). At worst, as Plaintiff concedes, *see* Opp. 16, the lack of prior public access to the full documents makes this factor "neutral." *Am. Pro. Agency, Inc. v. NASW Assurance Servs., Inc.*, 121 F. Supp. 3d 21, 24 (D.D.C. 2013).

The third *Hubbard* factor favors unsealing because no third party has objected to disclosure of the documents. *See, e.g.*, *In re Application for Access to Video Exhibits*, 575 F. Supp. 3d at 110-11; *Match Grp., Inc.*, 2023 WL 3181351, at *14; *United States v. Munchel*, 567 F. Supp. 3d 9, 18 (D.D.C. 2021). The fact that the government originally proceeded with caution and designated the documents under

---

[2] Natalie Gross, *DoD bans popular TA school from accepting the benefit*, Military Times (Apr. 6, 2018), https://perma.cc/GDU8-7B77.

the Protective Order, Opp. 17, is irrelevant. The government has not objected to unsealing here (or in the district court).

IV. **Plaintiff Does Not Have a Legally Recognized Privacy Interest in Keeping the DOD Decisions Sealed.**

Plaintiff also fails to identify any cognizable privacy interest that would warrant sealing the DOD Findings under the fourth *Hubbard* factor. It is settled law that "[s]imply showing that … information would harm [one's] reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records." *In re McCormick & Co., Inc.*, No. MC 15-1825 (ESH), 2017 WL 2560911, at *2 (D.D.C. June 13, 2017) (quotation omitted). Plaintiff's arguments under the fourth factor once again distort the *Hubbard* analysis.

First, Plaintiff cannot bolster her position by arguing that the DOD Decisions should remain secret because she is suing for an alleged violation of the Privacy Act and should not suffer further disclosures about her past as a result of her lawsuit. Opp. 19-21. There is no special rule exempting Privacy Act plaintiffs from the presumption of public access to judicial records. *Hubbard* also provides Plaintiff no support. This Court ruled in favor of sealing there because the materials were seized in an overbroad search and were wholly irrelevant to the case. The situation here—where a central issue on appeal is whether information in the DOD Decisions should be weighed in a balancing test—is not similar. In addition, by suing for damages under the Privacy Act (and seeking to recover damages for DOD's termination of

8

tuition assistance), Plaintiff herself necessarily put the DOD Decisions at issue in her own case because they bear upon causation of damages. At bottom, the principle that applies here is that, "[w]hen parties call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." *Doe v. Pub. Citizen*, 749 F.3d 246, 271 (4th Cir. 2014) (quotation omitted). In addition, Plaintiff's concern about "[h]arm to reputation and career as a result of filing [her] lawsuit is not the sort of property or privacy interest that courts have found compelling" to support sealing documents. *U.S. ex rel. Grover v. Related Cos.*, 4 F. Supp. 3d 21, 27 (D.D.C. 2013).

Second, Plaintiff fares no better by repeatedly mischaracterizing the DOD Decisions as reflecting "unsubstantiated allegations." Opp. 18-19. Even if the documents did contain mere allegations, under the fourth factor, "allegations of … wrongdoing … do not implicate privacy interests, nor is unsubstantiated worry about damage to one's reputation sufficiently substantial to weigh against public disclosure." *All Assets*, 520 F. Supp. 3d at 83 (quotation and citation omitted). More important, contrary to Plaintiff's assertions, the DOD Findings are not "unsubstantiated allegations." Instead, as Plaintiff's own shorthand term for the document suggests, the DOD *Findings* reflect findings of fact in a final agency decision document. ███████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████ That is hard evidence, not mere allegations. And to the extent Plaintiff complains that DOD's factual findings were "never tested or proven in court," Opp. 19, that is because Plaintiff strategically chose *not* to challenge them.

V. **Plaintiff Cannot Point to Any Cognizable Legal Prejudice She Would Suffer from Unsealing.**

Under the fifth *Hubbard* factor, Plaintiff fails to identify any "legal prejudice" she would suffer from unsealing the DOD Decisions. *All Assets*, 520 F. Supp. 3d at 85. She has no response to the numerous cases holding that "[t]he prejudice with which the fifth *Hubbard* factor is concerned is prejudice to 'fair trial rights,' i.e., legal prejudice in ongoing or future litigation." *Match Grp., Inc.*, 2023 WL 3181351, at *15 (quotation omitted). Her concerns for her reputation, *see, e.g.*, Opp. 18, are legally insufficient under the fifth factor, *see, e.g.*, *In re McCormick & Co., Inc.*, 2017 WL 2560911, at *2, and that factor strongly weighs in favor of unsealing.

VI. **The Public Interest Requires a Ruling from this Court.**

This Court should not wait any longer for the district court to rule on a motion to unseal that has already been pending for more than sixth months. As Ms. Herridge has explained, *see* Mot. 21, seven months ago, in December 2023, Ms. Herridge joined a filing suggesting that judicial efficiency favored allowing the district court

to rule on unsealing in the first instance. Waiting for a district court ruling, however, has not promoted efficiency at all. Instead, it has simply prolonged the lack of transparency in this litigation without any end in sight. This Court may rule on a motion to unseal "when the interests of justice require." Cir. R. 47.1(c). In a case such as this, involving a vital public interest in First Amendment protections for the press, the need for full transparency to the public is particularly acute. At this point, public understanding of proceedings in this Court is being impaired and the Court should act to unseal the DOD Decisions.

## CONCLUSION

The DOD Decisions should be unsealed.

July 12, 2024

Respectfully submitted,

/s/ *Patrick F. Philbin*
Patrick F. Philbin
Kyle T. West
Chase Harrington

TORRIDON LAW PLLC
801 17th Street, NW
Suite 1100
Washington, DC 20006
(202) 249-6633
pphilbin@torridonlaw.com

*Counsel for Catherine V. Herridge*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 2,596 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally spaced typeface.

July 12, 2024 /s/ Patrick F. Philbin  
Patrick F. Philbin

# CERTIFICATE OF SERVICE

I hereby certify, in accordance with Federal Rule of Appellate Procedure 25(c) and Circuit Rule 25(c), that on July 12, 2024, the foregoing document was electronically filed with the Clerk of the Court using the Clerk's Box system. I have transmitted a true and correct copy of the forgoing Reply Brief on Motion to Unseal to counsel for the Appellee Yanping Chen and to the other parties as follows:

<u>Counsel for Yanping Chen:</u>

Andrew C. Phillips
andy.phillips@mwpp.com

<u>Counsel for Federal Bureau of Investigation, United States Department of Justice, United States Department of Defense, and United States Department of Homeland Security:</u>

Bradley A. Hinshelwood
Bradley.A.Hinshelwood@usdoj.gov

Michael Raab
Michael.Raab@usdoj.gov

July 12, 2024                              /s/ Patrick F. Philbin
                                           Patrick F. Philbin