PUBLIC COPY—SEALED MATERIAL DELETED
SCHEDULED FOR ORAL ARGUMENT, NOVEMBER 18, 2024

No. 24-5050

IN THE

# United States Court of Appeals for the District of Columbia Circuit

YANPING CHEN,
    *Plaintiffs-Appellee*,

*v.*

FEDERAL BUREAU OF INVESTIGATION, et al.,
    *Defendants-Appellees*,

CATHERINE V. HERRIDGE,
    *Appellant*.

On Appeal from the United States District Court for the District of Columbia,
No. 1:18-cv-03074-CRC

## APPELLANT CATHERINE V. HERRIDGE'S MOTION RE SEALING THE COURTROOM FOR ORAL ARGUMENT

            Patrick F. Philbin
            Kyle T. West
            Chase Harrington
            TORRIDON LAW PLLC
            801 Seventeenth Street NW
            Suite 1100
            Washington, DC 20006
            (202) 249-6900
            pphilbin@torridonlaw.com

October 23, 2024        *Counsel for Catherine V. Herridge*

# GLOSSARY

CCP…………………………………...…………….Chinese Communist Party

PLA………………………………………………....People's Liberation Army

UMT…………………………..……………University of Management Technology

## INTRODUCTION

Appellant Catherine V. Herridge respectfully files this motion to address an issue that will inevitably arise at the upcoming oral argument in this appeal if the Court has not ruled on a pending Motion to Unseal. *See* Doc. No. 2061652. The Motion to Unseal addresses certain documents that are essential for a full presentation of Ms. Herridge's arguments on appeal. Ms. Herridge continues to believe that the documents should properly be unsealed. If the Court has not unsealed the documents by the time of oral argument, however, Ms. Herridge will not be able to fully present her arguments in an open courtroom, because her arguments will involve discussion of the sealed material. Given that this case will likely set standards for the reporter's privilege under the First Amendment for years to come, Ms. Herridge believes the utmost transparency is warranted for these proceedings. Barring the press from the hearing that will determine the scope of First Amendment protections for the press would be anomalous, and it would hamper an informed public discussion of the arguments presented and the Court's decision and its implications. Nevertheless, to preserve her ability fully to present her arguments to the Court, Ms. Herridge must reluctantly request that—if the unclassified documents at issue have not been unsealed—the Court enter an order sealing the argument (or sealing it in part) so that she can fully present her arguments to the Court.

1

**MATERIAL UNDER SEAL DELETED**

This case involves an effort by Plaintiff, a former colonel in the People's Liberation Army (PLA)—the military of the Chinese Communist Party (CCP)—to expose the confidential source(s) of national security reporter Catherine V. Herridge. In 2018, DOD cut off funding to a school run by Plaintiff and made detailed findings about ▓▓▓▓▓ the national security threat posed by her school (which recruited primarily U.S. military members). DOD issued two documents relating to that decision: (1) ▓▓▓▓▓; and (2) ▓▓▓▓▓ (collectively the "DOD Documents"). In ▓▓▓▓▓, DOD made detailed findings about Plaintiff, including: ▓▓▓▓▓

▓▓▓▓▓ Br. at 12-13.

2

**MATERIAL UNDER SEAL DELETED**

After the Government cut off her funding, Plaintiff sued several departments of the government under the Privacy Act, claiming that DOD would not have acted against her if it had not been for some articles published by Ms. Herridge that (Plaintiff claimed) included leaks from the government. In discovery, the district court ordered Ms. Herridge to disclose her confidential source(s). When Ms. Herridge declined to disclose her confidential source(s) she was held in civil contempt and this appeal followed.

A central argument on Ms. Herridge's appeal is that, in applying the First Amendment reporter's privilege under *Zerilli v. Smith*, 656 F.2d 705 (D.C. Cir. 1981), courts must engage in a broad balancing of interests, including factors that would undermine the weight that can be given to Plaintiff's Privacy Act claim, such as: (1) Plaintiff cannot recover any (or the vast majority) of her claimed damages (including the loss of DOD funding) because those damages resulted from DOD's independent decision based on detailed national security findings about Plaintiff; and (2) national security implications of her suit, given that DOD's findings show there is ▇▇▇▇▇ and her lawsuit seeks to secure compensation for that activity. It would be impossible for Ms. Herridge to advance these points at oral argument without the ability to discuss DOD's findings, including its findings that ▇▇▇▇▇

3

███████████████████████████████████████

████████████████ Br. at 12-13. Ms. Herridge relied heavily on these factual findings in her briefing, Br. at 1, 12-13, 35, 37-38, 41; Reply at 3, 21, and intends to rely on them in a similar manner at oral argument.

Ms. Herridge believes that the Court should grant her pending Motion to Unseal the DOD Documents, which would moot any need to seal the oral argument in this matter. The Court's ultimate decision on this appeal will likely set the standards applicable to the First Amendment reporter's privilege for years to come. This Court's last major opportunity to address the privilege was in 2005. *See Lee v. Dep't of Justice*, 413 F.3d 53 (D.C. Cir. 2005). It would be incongruous if the press were barred from an oral argument that will set the bounds of press protections under the First Amendment. Such matters should be decided in a fully transparent way. The public and the press have a right to understand the evidence and arguments presented to this Court—and to understand the information that this Court ultimately decides is relevant (or not relevant) for its decision. And it would be especially unwarranted to keep the DOD decision documents under seal given that the public record already contains Plaintiff's *response* to the initial DOD decision—a response that already discloses many of DOD's findings. *See* Letter of Feb. 9, 2018 from J. Gorelick to The Hon. Patrick M. Shanahan, Deputy Secretary of Defense, Dkt. 123-35, at 5 (noting that "the Department found that the University 'collects personal and

4

professional information on its students' that Dr. Chen 'allowed . . . to be accessed from a foreign country, creating a vulnerability to DoD personnel associated with [the University].'" (alterations in original)).

As explained above, however, as long as the DOD Documents remain under seal, Ms. Herridge cannot fairly present her arguments in an open courtroom, because she would be unable to refer to the sealed material. Ms. Herridge's arguments necessarily involve the information presented in the DOD Documents. When the district court heard oral argument on Ms. Herridge's motion to quash, Ms. Herridge had not informed the court in advance that the argument would require reference to sealed material, which led to some confusion. After conducting part of the argument in open session, the district court found it necessary to close the court for the remainder of the argument. *See* Joint Stipulation, Dkt. 137 at 2.

Accordingly, to the extent that the Court does not rule on the pending Motion to Unseal prior to oral argument (or to the extent the Court denies that motion), Ms. Herridge respectfully requests that the Court seal (or seal in part) the oral argument.

October 23, 2024					Respectfully submitted,

/s/ *Patrick F. Philbin*
Patrick F. Philbin
Kyle T. West
Chase Harrington

TORRIDON LAW PLLC
801 Seventeenth Street NW
Suite 1100
Washington, DC 20006
(202) 249-6900
pphilbin@torridonlaw.com

*Counsel for Catherine V. Herridge*

6

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,190 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally spaced typeface.


October 23, 2024                                          /s/ Patrick F. Philbin
                                                          Patrick F. Philbin

## CERTIFICATE OF SERVICE

I hereby certify, in accordance with Federal Rule of Appellate Procedure 25(c) and Circuit Rule 25(c), that on October 23, 2024, the foregoing document was electronically filed with the Clerk of the Court using the Clerk's Box system. I have transmitted a true and correct copy of the forgoing Motion to counsel for the Appellee Yanping Chen and to the other parties as follows:

<u>Counsel for Yanping Chen:</u>

Andrew C. Phillips
andy.phillips@mwpp.com

<u>Counsel for Federal Bureau of Investigation, United States Department of Justice, United States Department of Defense, and United States Department of Homeland Security:</u>

Bradley A. Hinshelwood
Bradley.A.Hinshelwood@usdoj.gov

Michael Raab
Michael.Raab@usdoj.gov

October 23, 2024                                    /s/ Patrick F. Philbin
                                                    Patrick F. Philbin

8