**[DECIDED SEPTEMBER 30, 2025]**
**No. 24-5050**

# IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

YANPING CHEN,
*Plaintiff-Appellee,*

*v.*

FEDERAL BUREAU OF INVESTIGATION, et al.,
*Defendants-Appellees,*

CATHERINE HERRIDGE,
*Appellant.*

On Appeal from the United States District Court for the District of Columbia,
No. 1:18-cv-03074-CRC

# PLAINTIFF-APPELLEE'S RESPONSE IN OPPOSITION TO NON-PARTY FREEDOM OF THE PRESS FOUNDATION'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING

Andrew C. Phillips (Bar No. 64792)
MEIER WATKINS PHILLIPS PUSCH LLP
1120 20th St NW, Suite 550
Washington, DC 20036
Email: andy.phillips@mwpp.com

December 12, 2025

*Counsel for Plaintiff-Appellee Yanping Chen*

**TABLE OF CONTENTS**


**INTRODUCTION** .......... **1**

**BACKGROUND** .......... **4**

**ARGUMENT** .......... **10**

**I. THIS COURT CORRECTLY HELD THAT THE QUESTION OF WHETHER THE DOD FINDINGS SHOULD BE UNSEALED IS MOOT FOLLOWING THE RESOLUTION OF HERRIDGE'S APPEAL.** .......... **10**

**II. THE HUBBARD FACTORS WEIGH HEAVILY AGAINST UNSEALING.** .......... **14**

A. The DoD Findings Document Was Introduced for an Irrelevant Purpose and Was Not Relied Upon by the District Court or This Court 14

B. There Is No Strong Need for Public Access to the Irrelevant Document, Which Has Never Been Publicly Available. .......... 15

C. Chen's Objection to Disclosure Weighs Against Unsealing the Document. .......... 16

D. Chen Has a Strong Privacy Interest in the Contents of the Document and Would Be Prejudiced by Further Disclosure of Her Private Records. .......... 17

**III. THERE IS NO ADDITIONAL FIRST AMENDMENT UNSEALING INQUIRY.** .......... **18**

**CONCLUSION** .......... **19**

**CERTIFICATE OF COMPLIANCE** .......... **21**

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Allen v. Addi*,
No. 20-cv-1650, 2021 WL 5911175 (D.D.C. Nov. 23, 2021) ......................17

*Am. Pro. Agency, Inc. v. NASW Assurance Servs*., Inc.,
121 F. Supp. 3d 21 (D.D.C. 2013) ..............................................................16

*Bristol-Meyers Co. v. FTC*,
598 F.2d 18 (D.C. Cir. 1978) ........................................................................19

*Chen. v. Fed. Bureau of Investigation, et al*.,
No. 23-5198 (D.C. Cir. 2023) .................................................................6, 7, 8

*Globe Newspaper Co. v. Super. Ct. Cty. of Norfolk*,
457 U.S. 596 (1982) .......................................................................................19

*In re Leopold*,
964 F.3d 1121 (D.C. Cir. 2020) ....................................................................19

*League of Women Voters v. Newby*,
963 F.3d 130 (D.C. Cir. 2020) ......................................................................12

*MetLife, Inc. v. Fin. Stability Oversight Council*,
865 F.3d 661 (D.C. Cir. 2017) ..................................................................12, 19

*Nixon v. Warner Comm's, Inc.*,
435 U.S. 589 (1978) .......................................................................................16

*NLRB v. Sears, Roebuck & Co.*,
421 U.S. 132 (1975) .......................................................................................19

*Press-Enter. Co. v. Super. Ct. of Cal.*,
478 U.S. 1 (1986) ...........................................................................................19

*S.E.C. v. Am. Int'l Grp.*,
712 F.3d 1 (D.C. Cir. 2013) .....................................................................10, 11

*Trump v. Deutsche Bank AG*,
940 F.3d 146 (2d Cir. 2019)...........................................................................10

*U.S. ex el. Durham v. Prospect Waterproofing, Inc.*,
818 F. Supp. 2d 64 (D.D.C. 2011) ................................................................15

*United States v. Brice*,
649 F.3d 793 (D.C. Cir. 2011) ......................................................................19

*United States v. El-Sayegh*,
131 F.3d 158 (D.C. Cir. 1997) ..............................................................10, 11

*United States v. Hubbard*,
650 F.2d 293 (D.C. Cir. 1980) ............................3, 7, 8, 14, 15, 16, 17, 18, 19

*Vanda Pharm., Inc. v. FDA*,
539 F. Supp. 3d 44 (D.D.C. 2021) ................................................................14

*Washington Post v. Robinson*,
935 F.2d 282 (D.C. Cir. 1991) ......................................................................19

*Zapp v. Zhenli Ye Gon*,
746 F. Supp. 2d 145 (D.D.C. 2010) ..............................................................17

**Rules**

D.C. Cir. Rule 47.1 ..........................................................................................7

## INTRODUCTION

Plaintiff-Appellee Dr. Yanping Chen brought the underlying Privacy Act suit against multiple federal agencies to obtain redress for an egregious violation of her rights. After Chen was investigated by the Federal Bureau of Investigation ("FBI") a decade ago but not charged with any crime, a federal official—likely someone angry that Chen was not charged with any wrongdoing—leaked Chen's private records to then-Fox News reporter Catherine Herridge in blatant violation of the Privacy Act. That unlawful act fueled sensationalistic Fox News reports authored by Herridge that wrongfully smeared Chen, an accomplished educator who has been a proud U.S. citizen for decades, as a Chinese spy. In pursuit of her Privacy Act claim against multiple government agencies, Chen sought in discovery from Herridge, Appellant here, the identity of the federal official who leaked protected records to Herridge. Herridge claimed a qualified privilege to refuse to reveal her source, but the District Court held that Chen had overcome the privilege and ordered Herridge to disclose the source's identity. When she refused, the District Court held her in contempt. Herridge appealed both rulings to this Court which, in an Opinion dated September 30, 2025, affirmed the District Court in all respects.

The instant Motion for Leave to Intervene filed by the Freedom of the Press Foundation ("FOTPF") arises from the fact that Herridge has repeatedly filed under

seal[1]—both in the District Court and in her briefing before this Court—a document from the Department of Defense that relates to the decision by DoD to cease tuition assistance funding to the University of Management and Technology, of which Chen is the President. While Herridge's putative reason for filing the document is that she argued its contents should be considered in the qualified privilege analysis—as part of a broad balancing of the worthiness of Chen's Privacy Act claim against Herridge's interest in protecting her source—neither the District Court nor this Court analyzed or relied upon the document. Rather, because the District Court and this Court held that no such broad balancing of interests was required as part of the qualified privilege analysis, the DoD document was completely irrelevant to the question of whether Herridge is protected by a qualified privilege or whether she must reveal her source.

Before FOTPF sought to unseal the document, Herridge did as well. But when this Court issued its Opinion disposing of Herridge's appeal, it also issued an Order denying Herridge's previously filed motion to unseal the document as moot in light of the Court's decision on the appeal. FOTPF contests that ruling and argues that the document should be unsealed.

---

[1] The document was produced in discovery in the underlying Privacy Act litigation in the District Court, and has been designated as confidential, which requires it to be filed under seal.

The Court was correct to deny Herridge's request to unseal the document in question and should deny FOTPF's as well. The Court's Opinion affirming the District Court did in fact render the question of unsealing the document moot, for the simple reason that the Court's Opinion not only did not rely upon the document, but instead effectively held that it was wholly irrelevant to the disposition of the appeal. The document therefore is not a judicial record to which the public needs access in order to understand the Court's decisional process, because it played no role in the Court's decisional process.

Thus, the Court need not evaluate the substantive merits of FTOPF's arguments for unsealing, but if it is inclined to do so, the Court should hold that unsealing is unwarranted based on the six factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980). All those factors are either neutral or support Chen's position that the document should not be unsealed—the most important being that, again, this Court did not rely upon the document in ruling on the merits of Herridge's appeal.

Finally, FTOPF's argument that the document should be unsealed based on a separate "experience and logic" test arising under the First Amendment is misplaced and should be disregarded. That test applies to right of access questions in criminal cases. Where judicial records are sought to be unsealed in a civil case, the *Hubbard* test controls.

For all the reasons set forth herein, while Chen does not oppose FOTPF's request to be recognized as an intervenor in this appeal, Chen does oppose FOTPF's substantive request to unseal the document at issue. That request should be rejected.

**BACKGROUND**

FOTPF seeks to unseal two documents, which it collectively refers to as the "DOD Files." The two documents in question are currently filed under seal as part of the deferred Joint Appendix. The first is a letter and attachment relating to the Department of Defense's decision to cut of Tuition Assistance funding to the University of Management and Technology, of which Chen is the President. Chen will refer herein to this document, located at JA401-404 of the deferred Joint Appendix in this appeal, as the "DoD Findings" document. Chen opposes unsealing of this document. The second document referred to in FOTPF's Motion is a letter which is located at JA405 of the Joint Appendix. As she has previously represented to the District Court and this Court, Chen does not oppose unsealing of this document. Thus, Chen will focus her arguments herein on the DoD Findings document, JA401-404, which she contends should be maintained under seal.

Chen's underlying Privacy Act suit that gave rise to this appeal involves the leak by a federal official of legally protected information concerning Chen to Herridge, who was then a reporter for Fox News. After defeating a motion to dismiss, Chen engaged in extensive discovery in an effort to identify the federal

official who leaked her Privacy Act-protected records. When those efforts failed to definitively identify the leaker, Chen served Herridge with document and deposition subpoenas in May and June of 2022.

Herridge moved to quash the subpoenas. (Mem. in Support of Non-Party Catherine V. Herridge's Mot. to Quash (July 29, 2022) (JA344).) She argued that she had a qualified privilege to refuse to divulge the identity of her source and that Chen could not overcome that qualified privilege. Specifically, Herridge argued that in addition to examining whether Chen could show that the identity of the leaker was central to her claim and that she had exhausted reasonable alternatives to discover it before seeking it from Herridge, the District Court should also engage in a generalized "balancing" that weighed Chen's private interest in pursuing her claim against the public interest in protecting journalists' ability to maintain the confidentiality of their sources. (JA376-93.) Herridge urged the District Court to consider the DoD Findings document as part of that broad balancing, as she claimed it supported her argument that Chen's private interest in pursuing her Privacy Act claim should be accorded little weight. (JA381-83.)

The District Court issued its Order Denying the Motion to Quash on August 1, 2023 [Dist. Ct. Dkt. 140]. (JA213.) The District Court did not rely upon or cite the DoD Findings document in its decision. Instead, it concluded that Herridge's urging of a broad balancing approach was misplaced, as Circuit precedent

does not "require either a full-bore analysis of Chen's likelihood of success on the merits of her Privacy Act claim or an assessment of the public and private interests at play beyond the factors of [centrality, exhaustion, and whether the reporter is a party to the action]." (JA234.)

On August 31, 2023, Herridge filed a notice of appeal of the District Court's Order Denying the Motion to Quash. (Notice of Appeal to the U.S. Court of Appeals for the D.C. Cir. (Aug. 31, 2023) [Dist. Ct. Dkt. 150].) On September 11, 2023, Herridge filed an emergency motion asking this Court to stay the District Court's Order Denying the Motion to Quash pending her appeal. (Non-Party Catherine V. Herridge's Opposed Emergency Mot. for Stay Pending App. and for Admin. Stay Pending Disposition of the Stay Mot., *Chen. v. Fed. Bureau of Investigation, et al*., No. 23-5198 (D. C. Cir. Sept. 11, 2023). Herridge again attached the DoD Findings to that motion and briefly discussed the document's substantive contents in the "background" section of that motion but offered no argument based on it. (*Id*. at 7; Ex. 6).

This Court subsequently entered an Order dismissing Herridge's prior appeal for lack of appellate jurisdiction. (Order, *Chen. v. Fed. Bureau of Investigation, et al*., No. 23-5198 (D.C. Cir. Sept. 25, 2023). The next day, on September 26, 2023, Herridge sat for her deposition and defied the District Court's Order by refusing to answer questions regarding the identity of the leaker and other aspects of her

reporting process. In light of Herridge's refusal to comply with the Court's Order, Chen moved to hold Herridge in contempt. (Pl.'s Application for an Order to Show Cause (Oct. 30, 2023) [Dist. Ct. Dkt. 159].) On February 29, 2024, the District Court issued an Order finding Herridge in contempt of its prior Order Denying the Motion to Quash. (Mem. Op. & Order (Feb. 29, 2024) (JA319).) Again, the District Court did not rely upon the DoD Findings document in its Contempt Order.

On November 17, 2023, this Court issued an Order pursuant to Circuit Rule 47.1, requiring the parties to the dismissed appeal to show cause, by December 18, 2023, why the sealed portions of the record of that case should not be unsealed. (Clerk's Order, *Chen. v. Fed. Bureau of Investigation, et al*., No. 23-5198 (Nov. 17, 2023).) Shortly thereafter, on November 27, 2023, Herridge filed a Motion to Unseal in the District Court, requesting that the Court unseal two documents filed as exhibits to her Motion to Quash briefing, including the DoD Findings document. (Non-Party Catherine V. Herridge's Mot. to Unseal Documents (Nov. 27, 2023) [Dist. Ct. Dkt. 165] ("District Ct. Mot. to Unseal").) Chen opposed unsealing of the DoD Findings document, arguing that the factors set forth in *Hubbard* and its progeny weighed against unsealing. (Pl.'s Mem. in Opp'n to Non-Party Catherine Herridge's Mot. to Unseal Documents and Pl.'s Cross-Mot. to Unseal Judicial Records Relevant to the Court's Denial of Herridge's Mot. to Quash (Dec. 11, 2023) [Dist. Ct. Dkt. 168] ("Opp'n to Mot. to Seal").) Herridge's District Court Motion to

Unseal was fully briefed on January 3, 2024, and remains pending before the District Court.

On December 18, 2023, Chen, Herridge, and Defendants-Appellees the FBI, the Department of Justice, the DoD, and the Department of Homeland Security filed a joint response to this Court's Order to Show Cause requesting that this Court "defer ruling on the issue of unsealing until the district court resolves a pending motion to unseal the same document." (*See* Joint OSC Resp., *Chen. v. Fed. Bureau of Investigation, et al*., No. 23-5198 (Dec. 18, 2023) at 3.) In that Joint Order to Show Cause Response, Herridge represented to this Court that she agreed that "given the fact that it was the district court's Protective Order that required Ms. Herridge to file the DoD [Findings] and related discussion under seal," and because the District Court "is most familiar with the issues in dispute in this case," that "judicial efficiency favors allowing the district court to first address whether the document should be unsealed under *Hubbard*." (*Id.* at 3-4.)

Herridge subsequently lodged the instant appeal after the District Court held her in contempt. (March 8, 2024 Notice of Appeal (JA343).) Despite previously representing to this Court that she agreed that the question of unsealing the DoD Findings document should be addressed by the District Court in the first instance, after she filed the instant appeal and submitted her brief and appendix (which included the DoD Findings document), Herridge filed a motion asking this Court to

unseal the document. (Appellant Catherine V. Herridge's Mot. to Unseal (June 24, 2024).) Chen opposed the motion. (Pl.-Appllee's Resp. in Opp'n to Appellant's Mot. to Unseal (July 5, 2024).)

On September 30, 2025, this Court entered its Opinion affirming the District Court's orders that Chen had overcome the qualified privilege and holding Herridge in contempt for continuing to refuse to divulge her source. (Opinion (Sept. 30, 2025).) Like the District Court before it, this Court held that Circuit precedent does not require district courts assessing a qualified privilege claim to engage in a "broader interest-balancing." (*Id*. at 10.) Instead, it agreed with Chen and the District Court that Circuit precedent mandates that the inquiry focus on whether the party seeking the identity of a reporter's source can show that this information is central to her claim and that she has exhausted reasonable alternatives to obtain it. (*Id*. at 9-11.) Because it rejected a requirement for broad balancing altogether, this Court did not rely upon or analyze the DoD Findings document in its opinion.

The same day it issued its opinion, the Court also issued an order dismissing Herridge's motion to unseal the DoD Findings document as moot. (Order (Sept. 30, 2025).) On December 2, 2025, FOTPF filed its Motion to Intervene for the Limited Purpose of Unsealing the DoD Findings.

## ARGUMENT

### I. This Court Correctly Held That the Question of Whether the DoD Findings Should be Unsealed Is Moot Following the Resolution of Herridge's Appeal.

When Herridge sought to unseal the same document that FOTPF targets with the instant Motion, this Court correctly held that the resolution of Herridge's appeal mooted the unsealing question. Because the DoD Findings document at issue played no role in the Court's disposition of the appeal—and indeed, was wholly irrelevant to the disposition of the appeal—Herridge's filing of the document was a superfluous act that did not confer upon the document the status of a "judicial record" subject to the right of public access. Because the Court's resolution of Herridge's appeal and denial of her motion to unseal establishes that the DoD Findings is not a judicial record, FOTPF's effort to unseal the document should be rejected as well.

Like Herridge before it, FOTPF seeks to unseal the DoD Findings document pursuant to the common-law right of access. But that right only covers "judicial records." *United States v. El-Sayegh*, 131 F.3d 158, 161 (D.C. Cir. 1997). "[N]ot all documents filed with courts are judicial records." *S.E.C. v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013); *see also, e.g.*, *Trump v. Deutsche Bank AG*, 940 F.3d 146, 150 (2d Cir. 2019) ("the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access"). Rather, "whether something is a judicial record depends on 'the role it plays in the

adjudicatory process.'" *Am. Int'l Grp.*, 712 F.3d at 3 (quoting *El-Sayegh*, 131 F.3d at 163). Importantly, documents "are not judicial records subject to the right of access [where] the [] court made no decisions about them or that otherwise relied on them." *Id.* at 3-4.

That is emphatically the case here. Herridge's putative purpose in inserting the DoD Findings document into the record in this case was to argue that the Court should consider it as part of a broad balancing-of-interests analysis when adjudicating the question of whether a qualified privilege protected Herridge from having to reveal the identity of the source that leaked protected records to her. (Br. for Appellant Catherine Herridge (June 20, 2024).) But like the District Court's decisions that this Court affirmed, this Court rejected the very notion that a broad balancing of interests is part of the qualified privilege analysis. (Opinion (Sept. 30, 2025) at 9-11.) Indeed, in its decision affirming the District Court, this Court devoted multiple paragraphs to explaining why Herridge's arguments that "Chen's claim is simply *not that important*,"[2] and should be given little weight when pitted in a broad balancing analysis against Herridge's interests, were misguided and not in accord with settled precedent in this Circuit. (*Id*. at 9-11.) Because this Court rejected the very notion of engaging in a broad balancing, the DoD Findings document was wholly irrelevant to the disposition of Herridge's appeal.

[2] Emphasis in original.

To be sure, this Court has stated "that every part of every brief filed to influence a judicial decision qualifies as a 'judicial record.'" *League of Women Voters v. Newby*, 963 F.3d 130, 136 (D.C. Cir. 2020). But the cases taking that position are all materially different from this one in that those courts had not ***expressly disclaimed*** reliance on the documents sought to be unsealed. *E.g.*, *id.* (district court simply declined to reach a briefed issue); *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 667-68 (D.C. Cir. 2017) (court's opinion merely failed to quote or cite the briefs sought to be unsealed). Absent such disclaimers, it might make sense to presume that a court may have relied on the entirety of a brief or appendix, such that unsealing that document might contribute to public understanding of the judicial process. *See MetLife,* 865 F.3d at 667 (assuming that court considered "the briefs, including the parts it did not cite or quote"). Here, however, it makes no sense to presume that this Court or the District Court relied on the DoD Findings because this Court and the District Court have both disclaimed any such reliance.

Again, like Herridge before it, FOTPF attempts to argue that the DoD Findings document "must play a role in the balancing test for determining whether Herridge may rely on the reporter's privilege," and that "the public thus has an interest in understanding the Court's balancing of those interests." (Mot. at 10.) But because this Court rejected the call for a broad balancing of interests, it never got to

the step of balancing those interests, let alone assessing how much weight, if any, the DoD Findings document should be accorded in such a balancing. There is therefore no basis to argue that unsealing of the DoD Findings is necessary to aid public understanding of the Court's decisional process, when the Court has already essentially said that the DoD Findings were irrelevant to its decision.

Whereas unsealing the DoD Findings will do nothing to improve public understanding of the courts' decisional processes, it will provide a significant incentive for malicious behavior from litigants. If a document becomes a "judicial record" subject to public right of access simply by virtue of being incorporated into a brief or appendix—however gratuitously or pointlessly—then parties in cases like this one will invariably be encouraged to introduce irrelevant documents, for improper purposes, solely so that they can then argue—or encourage third parties to intervene and argue—that the document should made public simply due to the fact that it was filed. In Privacy Act cases like this one, the outcome of such a rule is that the plaintiff seeking to vindicate her right to keep information about herself out of the public eye will be exposed, over and over, to new intrusions on her privacy, all under the guise of access to "judicial records." The inevitability of that type of abuse is a sure sign that the bare inclusion of a document in a brief or appendix cannot render the document a judicial record where the court declines to consider it and effectively determines that it has no relevance to the issues before the court.

## II. The Hubbard Factors Weigh Heavily Against Unsealing.

FOTPF argues that because the DoD Findings are a judicial record subject to a right of access, this Court should have evaluated unsealing them based on the factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980). As set forth above, the DoD Findings document is not a judicial record, the Court's prior decision that the issue of unsealing is moot was correct, and that alone is sufficient to resolve FOTPF's Motion. However, if the Court elects to evaluate the merits of unsealing based on the *Hubbard* factors, it should hold that unsealing is unwarranted because those factors favor Chen's position that the documents should not be unsealed.

### A. The DoD Findings Document Was Introduced for an Irrelevant Purpose and Was Not Relied Upon by the District Court or This Court.

The factor listed sixth in the *Hubbard* decision—the purposes for which the document was introduced into the proceeding—was described in that case as "the single most important element" in striking the proper balance between the interests in sealing versus unsealing. *Id.* at 321. The key inquiry in assessing this factor is whether the document at issue is "relevant" to the central issues in dispute before the court. *Vanda Pharm., Inc. v. FDA*, 539 F. Supp. 3d 44, 57 (D.D.C. 2021). This is because "there is less of a pressing concern to unseal [documents] if they are not relevant to the claims." *U.S. ex el. Durham v. Prospect Waterproofing, Inc.*, 818 F.

Supp. 2d 64, 69 (D.D.C. 2011). In *Hubbard*, this Court placed particular emphasis on whether the disputed documents were relevant to the decision on the motion at issue, and noted that in that case, the documents sought to be unsealed were not "described or even expressly relied upon by the trial judge in his decision on the [] motion." *Hubbard*, 650 F.2d at 321.

As set forth above, this Court's rejection of Herridge's proposal for a broad balancing requirement as part of the qualified privilege analysis rendered the DoD Findings document irrelevant to the Court's resolution of the issue and meant that the Court did not rely upon the document in deciding to affirm the District Court. Thus, this factor—the most important—weighs strongly against unsealing the DoD Findings.

### B. There Is No Strong Need for Public Access to the Irrelevant Document, Which Has Never Been Publicly Available.

The first and second factors identified in the *Hubbard* decision are the need for public access to the document at issue and whether it has ever been publicly available. *Hubbard,* 650 F.2d at 317-18. In *Hubbard*, this Court emphasized that the need for access is to be accorded less weight when the documents at issue were not "referred to in the trial judge's public decision on the motion" at issue and not otherwise "relied upon" by the trial judge in his decision. *Hubbard*, 650 F.2d at 317-18. Again, that is the case here. As in *Hubbard*, the public does not need access to the DoD Findings to comprehend or evaluate this Court's decisional process,

because the document was irrelevant to that process. To the extent FOTPF argues that the public should have access to the document for reasons other than evaluating this Court's decisional process, those arguments ought to be directed at DoD as part of a request for it to release the document. FOTPF nowhere indicates that it has ever made such a request, via FOIA or any other avenue. *See Nixon v. Warner Comm's, Inc.*, 435 U.S. 589, 604-08 (1978) (noting in the context of a court refusing to release to the media court records that could be sought from the executive branch via the Presidential Recordings Act that "[t]he presence of an alternative means of public access tips the scales in favor of denying release").

As to the second factor discussed in the *Hubbard* decision—whether the document at issue had previously been publicly available, *Hubbard*, 650 F.2d at 318-19—there is no genuine dispute that it has not. The lack of prior public access makes this factor "neutral" in the analysis of whether unsealing is appropriate. *Am. Pro. Agency, Inc. v. NASW Assurance Servs*., Inc., 121 F. Supp. 3d 21, 24 (D.D.C. 2013); (*see* Mot. at 17).

### C. Chen's Objection to Disclosure Weighs Against Unsealing the Document.

Another factor identified by *Hubbard* is whether an objection has been raised to unsealing and by whom. *Hubbard*, 650 F.2d at 319. Here, of course, Chen objects to the DoD Findings being unsealed. This factor thus weighs in favor of the document remaining under seal. *See Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145,

149 (D.D.C. 2010); *see* Mot. at 18-19 (acknowledging this factor favors Chen but arguing it should be accorded "minimal weight").

### D. Chen Has a Strong Privacy Interest in the Contents of the Document and Would Be Prejudiced by Further Disclosure of Her Private Records.

The final two *Hubbard* factors direct the Court to examine the strength of the privacy interest asserted and the possibility of prejudice if the Court rules in favor of unsealing. *Hubbard*, 650 F.2d at 321-22. The D.C. Circuit has instructed that valid privacy interests sweep broader than concerns about privileged material or revelation of intimate details of a person's personal life. *See Hubbard*, 650 F.2d at 324. Indeed, the D.C. Circuit in *Hubbard* found that there may be a "broader scope of protectible privacy against government[] activity," and thus, this factor may be found to weigh more heavily against unsealing where a "government disclosure" is at issue. *See id*. at 305 n.44, 324 n.119. Finally, both the privacy and prejudice factors are of "significant importance" where the materials at issue contain unsubstantiated allegations that may harm an individual's reputation without legitimate purpose. *Allen v. Addi*, No. 20-cv-1650, 2021 WL 5911175, at *5-6 (D.D.C. Nov. 23, 2021).

These factors weigh in favor of maintaining the DoD Findings under seal. The DoD Findings document consists entirely of uncorroborated allegations, and publicly releasing them would serve no legitimate purpose when those

uncorroborated allegations played no role in the resolution of Herridge's appeal. Indeed, it would lead to the ironic result that in order to pursue her claim for invasion of her rights under the Privacy Act, Chen must be compelled to suffer further harmful disclosures of non-public government records. This Court made the same observation in *Hubbard,* in which the documents at issue became part of the judicial record due to an effort by the defendants to argue that they were obtained by the government via an unlawful search and seizure. *Hubbard*, 650 F.2d at 298. In reversing the District Court's decision to unseal those records, this Court observed that it would be "ironic indeed if one who contests the lawfulness of a search and seizure were always required to acquiesce in a substantial invasion of those interests simply to vindicate them." *Id*. at 321. The same logic holds true here. Chen should not be prejudiced by having to suffer ***further*** invasion of her privacy rights in order to seek redress for an unlawful invasion of her privacy.

In sum, the six factors identified in the *Hubbard* decision all either weigh against unsealing the DoD Findings or are neutral. Therefore, just as it previously rejected Herridge's efforts to unseal the document, this Court should reject FOTPF's request as well.

## III. There Is No Additional First Amendment Unsealing Inquiry.

Finally, FOTPF also argues that "[i]n addition to the common-law right of access, the public has a First Amendment right to the DOD Files," that utilizes an

"experience and logic" test. (Mot. at 21.) But FOTPF nowhere establishes that this is a relevant test in the context of a request to unseal civil court filings. Instead, FOTPF relies entirely on cases involving access to criminal proceedings, (*see* Mot. at 21-22 (citing *In re Leopold*, 964 F.3d 1121 (D.C. Cir. 2020); *Globe Newspaper Co. v. Super. Ct. Cty. of Norfolk*, 457 U.S. 596 (1982); *Washington Post v. Robinson*, 935 F.2d 282 (D.C. Cir. 1991); *Press-Enter. Co. v. Super. Ct. of Cal.*, 478 U.S. 1 (1986); *United States v. Brice*, 649 F.3d 793 (D.C. Cir. 2011)), or efforts to use the courts to compel a federal agency to release records in its possession, (*see* Mot. at 22 (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132 (1975); *Bristol-Meyers Co. v. FTC*, 598 F.2d 18 (D.C. Cir. 1978).) Indeed, in *Hubbard* itself, this Court referred to the First Amendment right of access as relating to "the conduct of a criminal trial," *Hubbard,* 650 F.2d at 316, and this Court has since referred to the *Hubbard* six-factor test as the "lodestar" to be used where there is a motion to seal or unseal judicial records in a civil case. *See Metlife, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661, 666 (D. C. Cir. 2017).

## CONCLUSION

FOTPF's request to unseal the DoD Findings document should be rejected.

Dated: December 12, 2025

Respectfully Submitted,

*/s/ Andrew C. Phillips*

Andrew C. Phillips (Bar No. 64792)
MEIER WATKINS PHILLIPS PUSCH LLP
1120 20th St NW, Suite 550
Washington, DC 20036
Email: andy.phillips@mwpp.com

*Counsel for Plaintiff-Appellee Yanping Chen*

## CERTIFICATE OF COMPLIANCE

This opposition by Plaintiff-Appellee complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 4,713 words. This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1) and 32(a)(5)-(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionately spaced typeface.

December 12, 2025

*/s/ Andrew C. Phillips*
Andrew C. Phillips