**[DECIDED SEPTEMBER 30, 2025]**
**No. 24-5050**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA**

---

YANPING CHEN,

*Plaintiff-Appellee,*

v.

FEDERAL BUREAU OF INVESTIGATION, ET AL.,

*Defendants-Appellees,*

CATHERINE HERRIDGE,

*Interested Party-Appellant.*

---

# FREEDOM OF THE PRESS FOUNDATION'S REPLY TO RESPONSE IN OPPOSITION TO MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING

---

H. Christopher Bartolomucci
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Tel: (202) 787-1060
Fax: (202) 776-0136
cbartolomucci@schaerr-jaffe.com

*Counsel for Proposed Intervenor*
*Freedom of the Press Foundation*

**REPLY TO RESPONSE IN OPPOSITION TO MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING**

Freedom of the Press Foundation ("Press Foundation") seeks access to two sealed records and the sealed portions of the oral argument transcript in this case because the public's right of access to such judicial records is vital to "maintaining the integrity and legitimacy of an independent Judicial Branch." *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017). Indeed, these records bear on how this Court applied the reporter's privilege, which is fundamental to ensuring journalists can help the public hold the Government accountable.

Because the documents at issue—the "DOD Files"—were filed to influence the Court, they are judicial records, and the common-law and First Amendment rights of access apply and favor disclosure. In her partial opposition,[1] Yanping Chen contorts this Court's precedent beyond

---

[1] As Chen states in her opposition, she does not oppose unsealing the letter located at JA405. *See* Opp'n at 4. Rather, she only opposes unsealing the document found at JA401–04. *Id.* Accordingly, the Court should unseal the letter at JA405 because there is no opposition. And the Court should unseal the document found at JA401–04 because Chen failed to overcome the Press Foundation's showing that the common-law and First Amendment rights of access favor disclosure. And the Court

recognition to avoid unsealing. Yet her primary reason for opposing unsealing is to avoid embarrassment and public scrutiny of her actions. Opp'n at 17–18. That is not a basis for keeping judicial records sealed. Rather, the Court should grant the Press Foundation's request, which will ensure the public can assess the Court's decision rejecting the reporter's privilege here.

## ARGUMENT

### I. The DOD Files Are Judicial Records and Must Be Unsealed.

At the core of Chen's opposition is her belief that the DOD Files are not judicial records, and thus unsealing is unwarranted. Chen misunderstands the law and the facts.

1. As to the facts, Chen misstates the procedural posture of this case. In her opposition (at 7–9), Chen chides Herridge for asking this Court to unseal the DOD Files, because Herridge previously stated that the unsealing should be addressed by the district court in the first instance. According to Chen (at 8), Herridge's unsealing request "remains pending" with the district court, and thus Herridge should not have asked

---

should unseal the sealed portions of the oral argument transcript in this case, which was only sealed due to the DOD Files being under seal.

this Court to unseal the DOD Files. But the district court already denied Herridge's motion. *See* Minute Order (D.D.C. July 17, 2024) ("the Court hereby denies Ms. Herridge's motion to unseal without prejudice"). In any event, Chen's argument here misses the point: The Press Foundation's motion is not dependent on the viability of Herridge's request to unseal; the Press Foundation and the public have an independent interest in the DOD Files. It is thus irrelevant whether Herridge should have asked this Court to unseal the DOD Files. The Press Foundation's request is proper.

2. As to the law, Chen significantly misstates the law when arguing that the DOD Files are not judicial records. To Chen, a party's filing in court does not become a judicial record unless and until the court expressly relies on it and refers to it in a decision. *See* Opp'n at 10–11. This Court has already rejected that argument, explaining in *Metlife*: "[T]he fact that the court did not cite or quote portions of those documents does not mean that it did not 'rely' on them—if only to determine that they did not dissuade it from its bottom-line conclusion." 865 F.3d at 668.

Indeed, Chen overlooks well-settled authority that undermines her argument. Court documents are routinely deemed to be judicial records *precisely because* the court did not rely on them. That is because the

public's right of access is not limited to "materials [that] persuaded the court," but also to materials "which failed to do so (and why)." *Id.*; *accord Vanda Pharms., Inc. v. FDA*, 539 F. Supp. 3d 44, 53 (D.D.C. 2021) (holding that "the public also has a transparency interest in knowing what record evidence the Court saw fit to exclude from its explanation of the reasons underlying its ultimate decision"); *Matter of Pub. Def. Serv. for D.C. to Unseal Certain Recs.*, 607 F. Supp. 3d 11, 26 (D.D.C. 2022) (stating that "[t]he public interest therefore covers both material that the court found persuasive and material that it did not"). Thus, the Court's decision here *not* to apply a balancing test when faced with the DOD Files makes it even more important that the public see the materials that did not persuade the Court.[2]

Moreover, routine judicial practices confirm that Chen's position is mistaken. If Chen's understanding of the law were correct, courts could only unseal records after resolving the merits. But courts routinely unseal records before issuing any merits decision. *See, e.g.*, *In re McCormick & Co.*, 316 F. Supp. 3d 455, 470–71 (D.D.C. 2018) (unsealing

[2] And this also makes unsealing the sealed portion of the transcript from the November 18, 2024 oral argument important, as that will show what discussion occurred with respect to the DOD Files.

filings related to motion for class certification while that motion remained pending); *Heredia Mons v. Wolf*, No. 19-cv-1593 (JEB), 2020 WL 5891424, at *1 (D.D.C. Oct. 5, 2020) (in FOIA case, granting motion to unseal monthly agency submissions as judicial records); *United States ex rel. Kammarayil v. Sterling Operations, Inc.*, No. 15-cv-1699 (BAH), 2018 WL 6839747, at *1 (D.D.C. Dec. 31, 2018) (granting relators' request for limited unsealing to understand federal government's decision not to intervene in False Claims Act case); *United States ex rel. Schweizer v. OCE, N.V.*, 577 F. Supp. 2d 169, 171, 177 (D.D.C. 2008) (granting request to unseal records after federal government declined to intervene in False Claims Act case and before a responsive pleading was filed). In such cases, at the time of the unsealing order, there had not yet been a decision that could show whether the "document at issue played [a] role in the Court's disposition" and whether the document "was wholly irrelevant to the disposition" of the merits. Opp'n at 10. Accordingly, it cannot be the case that the judicial-record analysis turns on whether the document was relied on by a court.

Rather, the question is whether a document was filed with the *intent* to influence the court. *See In re Appl. for Access to Certain Sealed*

*Video Exhibits*, 546 F. Supp. 3d 1, 4 (D.D.C. 2021) ("In *all cases*, though, materials filed in court *and intended to influence the court* qualify as judicial records) (emphases added and cleaned up)); *In re Leopold*, 964 F.3d 1121, 1128 (D.C. Cir. 2020) (documents "intended to influence the court" are judicial records); *In re Chodiev*, No. 18-mc-13 (EGS/RMM), 2021 WL 1795423, at *3 (D.D.C. Mar. 23, 2021) (judicial records include those that "were filed to … influence the court's resolution" of a motion), *report and recommendation adopted*, No. 18-mc-13 (EGS), 2021 WL 6805642 (D.D.C. May 7, 2021). The DOD Files were unquestionably filed with the intent to influence the Court's decision about the scope of the reporter's privilege.

Chen's dystopian fears cannot overcome these well-settled principles. To Chen, showing the public these judicial records will create an "incentive for malicious behavior from litigants," who will "gratuitously or pointlessly" attach documents to briefs to render them judicial records. Opp'n at 13. But whatever value there is in that concern generally, it is a far cry from what has occurred here. Rather, the DOD Files are integral to a core question the Court resolved in this case: Must the Court apply a balancing test when assessing a reporter's privilege

claim and, if so, does the substance of the DOD Files tilt that balance in Herridge's favor? That is not a frivolous point raised to push documents into the public record. Rather, that is the core issue Herridge raised, it is one of the core issues the Court decided, and it will be central to further judicial review here.

3. Because Chen misunderstands the judicial-records analysis, she incorrectly argues that Herridge's motion to unseal was rendered moot when the Court's opinion did not cite the DOD Files. That argument suffers from two fatal flaws. First, as explained above, the DOD Files remain relevant despite this Court's not citing them. They are still core to a central issue here, which will remain central in further proceedings.

Second, and more importantly, the Press Foundation is not seeking access on Herridge's behalf. Rather, the Press Foundation seeks access to the DOD Files on the *public's* behalf. And the public's interest certainly has not become moot. Rather, as noted above, the Court's decision rejecting the reporter's privilege has only increased the public's interest in seeing the materials that were presented to the Court, including those that did not sway the Court.

## II. The *Hubbard* Factors Requires Unsealing.

Although Chen largely treats the *Hubbard* factors as an afterthought, they weigh in favor of unsealing.

1. As to the sixth factor—the purpose for which the document was introduced—Chen misses the mark when claiming (at 14) that the DOD Files are not "'relevant' to the central issues in dispute before the court." The scope of the reporter's privilege and the question of what balancing the court should employ when assessing that privilege are the *core issues* Herridge raised here. *See, e.g.*, Appellant Br. at 22–33 (explaining at length why the Court must balance competing interests when assessing the reporter's privilege). While the Court may have disagreed with Herridge's position, it cannot be said that these issues are not "relevant." The DOD Files were thus introduced to support Herridge's central claim, and this factor thus weighs in favor of sealing.

Also, as to the purpose for which the documents were filed, Chen irrelevantly points (at 2 n.1) to the DOD Files being designated as confidential pursuant to a protective order. *See Aristotle Int'l v. NGP Software, Inc.*, 714 F. Supp. 2d 1, 20 (D.D.C. 2010) (a court may not "'abdicate its responsibility to … determine whether filings should be

made available to the public' by allowing the parties to control public access pursuant to a protective order.") (quoting *Proctor & Gamble v. Bankers Tr.*, 78 F.3d 219, 227 (6th Cir. 1996)). But just designating a document as confidential under a protective order does not mean a court has concluded the document should be sealed. A party's designation of confidentiality thus does not prohibit unsealing. That is particularly true here, because the DOD Files are unclassified Government records, and the Government agrees that unsealing is appropriate. Ltr. from Brad Hinshelwood, U.S. Dep't of Just. to Clifford Cislak, Clerk of Court, U.S. Ct. of Appeals for D.C. Cir. at 1 (May 29, 2025, docketed May 30, 2025). Accordingly, the sixth *Hubbard* factor favors unsealing.

2. The first and second *Hubbard* factors—the public's need for access—also favor unsealing. As the Press Foundation demonstrated throughout its motion to unseal, the public has a deep interest in understanding how courts treat the reporter's privilege. Mot. at 6 n.2, 7 n.3. Once again, Chen's only response is to focus on whether the Court referred to the DOD Files in its opinion. Opp'n at 15. As shown above, that is not the question, and it does not address the public's need for this information.

Chen is equally misguided when she accuses the Press Foundation of seeking access to the DOD Files through these proceedings "for reasons other than evaluating this Court's decisional process[.]" *Id.* at 16. Rather, the Press Foundation seeks access to the files for exactly that reason: to evaluate the Court's decision *not* to apply the reporter's privilege when faced with the DOD Files. Accordingly, by Chen's own argument, the Press Foundation and the public have an interest in the DOD Files to better understand this Court's decision making.

3. Finally, as to the privacy-related *Hubbard* factors, Chen also fails to show that they favor continued sealing of the DOD Files. In fact, Chen's opposition undermines her privacy argument. After arguing that her privacy interests require continued sealing of the DOD Files, Chen turns around and gives a public characterization of the DOD Files. *See* Opp'n at 17–18. Chen apparently believes she should be allowed to frame the DOD Files in the light she prefers without the public's having a chance to test her characterization. Chen should not be allowed to take inconsistent positions to suit the moment.

## III. The First Amendment Requires Unsealing.

Even if the Court concludes that the common-law right of access does not require unsealing, the First Amendment right of access does. Chen's only response is arguing (at 18–19) that the First Amendment right of access does not apply to civil cases. Not so. *See, e.g., Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (holding that "the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case"); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1067–71 (3d Cir. 1984) (First Amendment guarantees of public access apply to criminal and civil trials); *ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, 801 F. Supp. 2d 419, 428 (M.D.N.C. 2011) (analyzing the First Amendment right of access in trade secrets case).

Because Chen provides no other response to the Press Foundation's showing that the First Amendment requires unsealing, this issue is unrebutted, and the Court should unseal the DOD Files under the First Amendment right of access.

## CONCLUSION

The reporter's privilege is an important tool in the public's ability to keep the Government accountable. But here, the Court rejected Herridge's reliance on that privilege, despite the record including documents that should have tilted the analysis heavily in Herridge's favor. To better understand this Court's decision, the Court should allow the Press Foundation to intervene and should unseal the DOD Files and the related oral argument transcript.

December 19, 2025

Respectfully submitted,

/s/ *H. Christopher Bartolomucci*
H. Christopher Bartolomucci
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Tel: (202) 787-1060
Fax: (202) 776-0136
cbartolomucci@schaerr-jaffe.com

*Counsel for Proposed Intervenor Freedom of the Press Foundation*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion reply complies with the type-face requirements of Fed. R. App. P. 32(a)(5) & (6) and the type-volume limitation of Fed. R. App. P. 27(d)(2)(C) in that it uses Century Schoolbook 14-point type and contains 2,349 words. The number of words was determined through the word-count function of Microsoft Word.

*/s/ H. Christopher Bartolomucci*
H. Christopher Bartolomucci